## LEVI FAVRO v. THE STATE.

### No. 1534. Decided June 15, 1898.

1. **Burglary—"House"—"Structure"—What Is.**

"House" or "structure," in article 843, Penal Code, with relation to burglary, is declared to be any "building" or "structure" "erected" for public or private use, of whatever material it may be constructed. "Building" means a public building of any kind; any production or piece of work artificially built up or composed of parts joined together in some definite manner; any construction "erected" means raised and set up in an upright or perpendicular position.

2. **Same.**

On a trial for burglary, where the burglarized premises were described as follows, viz: "It was made of a wagon sheet and boards; two forked mesquite poles about seven feet high were put into the ground; a ridge pole was put in each fork extending from one to the other; over this was stretched a wagon sheet, the ends of which were brought down to the ground and nailed on each side to planks which were nailed to stakes driven in the ground; the east end of the structure being boxed up with boards, while a door and some boxes with the wagon sheet tied over them closed the west end." Held, this structure was "a house" within the contemplation of our statute on burglary. HENDERSON, J., dissenting.

3. **Burglary—Ownership.**

In burglary, the ownership of the burglarized premises is properly alleged in an occupant who used it as the domicile in which he slept and lived, though he did not own the land upon which the structure was erected.

APPEAL from the District Court of Frio. Tried below before Hon. M. F. LOWE.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

No briefs for appellant.

W. W. *Walling* and *Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and appeals.

There is no bill of exceptions in the record. The building burglarized is thus described: "It was made of a wagon sheet and boards, about as follows: I put two forked mesquite poles, about seven feet high, in the ground, and then put a pole from one to the other, and then stretched a wagon sheet over the pole, and brought the ends down to the ground, and nailed them to planks on each side, which planks were nailed to stakes driven in the ground. Then I boxed up the east end of this tent with boards, and the evening I left, I picked up an old door, and set it sideways in front of the west opening, leaving it up against the end pole. But, as this did not fill up the west end entirely, I also put some boxes at one end of this old door, and then tied the wagon sheet together about this old door. I did this to prevent a hog from getting in, and to prevent anything from entering. I knew there was a hog in that neighborhood, and fixed my place to prevent it from getting in. When I came back from Pearsall to my place on Monday, after I left on Saturday, I found that the door had been moved aside sufficient to allow one to pass into this house; and I missed a pair of blankets, a quilt, and a vest. The blankets belonged to Sanders & Peel, the quilt to Bud Pruitt, and the vest to me. I afterwards saw the same blankets in the possession of the sheriff of Frio County." This is the testimony of Walter Ryman, the alleged owner. The proof shows that the land upon which this domicile was located belonged to Henry Maney; was rented to Sanders & Peel; but the house or structure was in the exclusive possession of Ryman. He resided in it. It was his castle or home. It is contended that this is not a "house," within the meaning of the statute, and that the possession of the property was not properly alleged.

Under the burglary statute, a house is defined to be: "Any building or structure erected for public or private use, whether the property of the United States, of this State, or of any public or private corporation or association, or of any individual, of whatever material it may be constructed." Penal Code, art. 843. The word "building" means "a fabric built or constructed; a structure; an edifice. As commonly understood, a house for residence, business, or public use, or for shelter of animals or storage of goods." Cent. Dict. "Structure" is defined to be "that which is built or constructed; an edifice or a building of any kind. In the widest sense, any production or piece of work artificially built up,

or composed of parts joined together in some definite manner; any construction." "To erect" means "to raise and set up in an upright or perpendicular position; set up; raise up. To raise; as a building; built or constructed." Id. In Willis v. State, 33 Texas Texas Criminal Reports, 168, it was held that a fruit stand built in the shape of a piano box, but large enough for the proprietor to stand in while making sales, would be a "house," within the contemplation of this statute. Now, in this particular case, under the description given by the witness Ryman, this structure comes within the definition of the term "house," as contained in article 843, above. Not only so; said structure or building was the residence of the witness Ryman, in which he slept, kept his clothes, bedding, provisions, and his other personal property. The case of Williamson v. State, ante, p. 60, is not in point. In that case the structure broken into was a portable grain box, which was moved from place to place with the grain thresher, as it was carried from farm to farm for the purpose of threshing grain, said grain box being a part and parcel of the threshing outfit. We held in that case that said box was not a house, in the contemplation of said statute; and that said box was not used or intended to be used in any way or for any purpose connected with the habitation or other purposes for which houses are ordinarily used. It was further stated in that opinion: "We would not be understood as holding that it was absolutely necessary that the structure, in order to be considered a house, should be fixed to the soil, or that, because it is portable, it would not be considered a house. But we do hold, under the proof in this case, that this was not a house, but a mere box, constituting a part of the outfit for the thresher." An inspection of the evidence in this case discloses the fact that the Williamson Case, supra, is not applicable here. The structure herein mentioned had the idea of permanency, was attached to the soil, was used by the occupant as his residence. Such a structure is as much under the protection of the burglary statute as would be a structure entirely made of wood or stone, brick or granite. The law does not mention the character of structure or the material of which it shall be made. It protects the humble tenant in his tent as well as his more fortunate neighbor in his palace. See Anderson v. State, 17 Texas Crim. App., 305; Willis v. State, 33 Texas Crim. Rep., 168; Albritton v. State, (Texas Crim. App.), 26 S. W. Rep., 398. We are therefore of opinion that the structure described in the testimony was a "house," within the contemplation of the statute under discussion.

We are further of opinion that the second contention of appellant, that the possession of the property was not properly alleged, is erroneous. The alleged occupant, Ryman, was in exclusive possession, care, and control of the structure, and, as before stated, it was his domicile, where he slept and lived. It was not necessary for him to own the land upon which the structure was erected in order to constitute him the occupant under our burglary statute.

Nor is the further contention that the testimony is insufficient well taken. It is clear and unequivocal that the structure or house was en-

tered by some one, and property taken away; that the tent or structure was in the exclusive possession of Ryman; and that the defendant was found in possession of the stolen property within two or three days after the alleged burglary. His possession of the stolen property was unexplained. Under the decisions in this State, this testimony was sufficient. The judgment is affirmed.

*Affirmed.*

HENDERSON, JUDGE.—I dissent from the opinion of a majority of the court, on the ground that I do not believe the evidence establishes a "house," as contemplated by our statute on burglary. It was evidently merely a wagon sheet, with the side boards placed upon the ground for temporary use; no door, but merely some boxes placed at the opening.