**STATE of Missouri, Respondent,**

v.

**Jesse Otis SCOTT, Appellant.**

**No. 48079.**

Supreme Court of Missouri,

Division No. 2.

Oct. 10, 1960.

874

---

Roger J. Barbieri, Kansas City, for appellant.

John M. Dalton, Atty. Gen., J. Burleigh Arnold, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

Jesse Otis Scott has appealed from the judgment, after jury verdict, whereby he was sentenced to confinement in the penitentiary for a term of five years for the offense of stealing from the person. Sections 560.156 and 560.161, Laws of Missouri 1955, p. 507 and Laws of Missouri 1957, p. 374, V.A.M.S.1960 cumulative pocket parts.

Clinton J. Wright testified that about eight o'clock in the evening of May 13, 1959 the defendant accosted him at Tenth and Lydia Streets in Kansas City and demanded $200. After an argument defendant took hold of Mr. Wright's arm and said "I am going to kill you," and then struck him knocking him unconscious, fracturing his skull, cutting his lip, and breaking his glasses and dentures. When Mr. Wright regained consciousness his billfold containing $120 was gone from his pocket, and the button on the pocket had been "jerked off." Mr. Wright identified a picture of defendant as his assailant, and at the trial he identified and pointed out the defendant as the one who beat him and took his money. Defendant did not testify, but he offered the testimony of two witnesses, one of whom was his sister, that at the time of the commission of the offense he was in church attending a revival service.

Defendant has filed no brief with this court. In his motion for new trial he asserts that the trial court erred (1) in refusing to grant a motion for judgment of acquittal, (2) in refusing to strike out a remark of the prosecuting attorney, and (3) in refusing defendant's request for a continuance.

The previous recitation of the evidence in this case clearly shows that the jury was authorized to find that the defendant took, and thereby appropriated, $120 in cash and a billfold from the person of Clinton J. Wright without his consent. In testing the sufficiency of evidence in a criminal prosecution by motion for a judgment of acquittal, the facts in evidence and favorable inferences reasonably to be drawn therefrom must be considered in a light most favorable to the State. State v. Vincent, Mo.Sup., 321 S.W.2d 439 [4]. When the evidence in this case is so considered, a submissible case was made, and the trial court did not err in refusing to enter a judgment of acquittal.

R. A. Wells, a policeman, testified that he had taken a statement from defendant. On cross-examination counsel for defendant asked him if he had the statement with him, and he replied that he did not because he had received a call to go to the court and had done so "right * * * from off the street." After some further questions the witness was excused. The prosecuting attorney then stated, apparently to defense counsel: "Did you want that statement? I will offer it into evidence if you want the statement of the victim. I have it right here." Out of the hearing of the jury counsel for defendant then said: "For the record, if the court please,. show the prosecutor in court publicly made the question in a demanding voice to me as to whether I wanted the statement, in an attempt to try to prejudice the jury and place the defendant in an embarrassing position as to whether I want the statement, when he knows the statement would not be admissible in evidence, highly prejudicial to

the defendant. I ask that his remark be stricken from the record and that the jury be instructed to disregard the statement of the prosecutor." The ruling of the court was as follows: "Your motion, Mr. Barbieri, will be overruled. In the cross-examination of this witness you attempted by pointing your finger at the witness and in a loud tone to make some capital out of the fact he did not have some report with him. At the conclusion of the testimony, Mr. Furry [assistant prosecuting attorney] in a well modulated, even tone, courteously asked you if you would like to have that statement from his file. Instead of giving him an answer you chose to make this record. There is nothing improper about it. Motion is overruled."

Colloquies of this sort between counsel in the presence and hearing of the jury should be avoided. However, the correctness of the statement of the trial court as to what happened is not challenged in the motion for new trial, and we will not, of course, assume it was an incorrect statement. Under the circumstances the trial court was in a particularly advantageous position to observe and evaluate the prejudice, if any, to defendant, and his ruling was that no prejudice resulted from the incident. The ruling rested largely in the discretion of the trial court. State v. Lawson, Mo.Sup., 290 S.W.2d 84 [7]; State v. Lorts, Mo.Sup., 269 S.W.2d 88 [7]. We find no abuse of discretion under the circumstances in refusing to strike out the statement and instructing the jury to disregard it.

The last assignment of error in the motion for new trial pertained to a request for a continuance. On September 29, 1959 the jury was empaneled, selected and sworn, and court was recessed until the next morning. At that time defendant requested a continuance on the ground that two witnesses for defendant had temporarily left the State and had gone to Texas. In the application for continuance it was alleged that these witnesses would testify that at the time of the offense the defend-

ant was in church. The record discloses that the case was docketed on September 14, 1959, reset for Monday, September 28, and that trial commenced on September 29. Prior to the filing of the application on the morning of September 30 there had been no mention by defendant's counsel to the trial court or to the prosecuting attorney that these witnesses were wanted by defendant or that they would be unavailable. Apparently no subpoenas for these witnesses had been requested or issued.

An application for a continuance in a criminal case is addressed to the sound discretion of the trial court, and the appellate courts will not interfere unless it clearly appears that such discretion has been abused. State v. Le Beau, Mo.Sup., 306 S.W.2d 482 [5]; State v. Ward, 337 Mo. 425, 85 S.W.2d 1 [1]. This general rule applies where a continuance is sought on account of the absence of material witnesses. State v. Cooley, Mo.Sup., 221 S.W. 2d 480 [14]. The trial court denied the application on the ground that due diligence had not been exercised to obtain the testimony of the witnesses. See Supreme Court Rule 25.08, V.A.M.R. Just as a defendant should not wait until the very minute of trial to find out whether a subpoena has been served, State v. Reynolds, 345 Mo. 79, 131 S.W.2d 552 [5], he also should not wait until the very minute of trial (here it was after the trial had started) to determine if a witness he contends to be material to his defense is available. Under the circumstances the trial court did not abuse its discretion in denying the application for continuance. We also note that the testimony of these two witnesses would have been cumulative of the testimony of two other witnesses, friendly to defendant, who did testify. See State v. Naylor, 328 Mo. 335, 40 S.W.2d 1079 [4]; State v. Gadwood, 342 Mo. 466, 116 S.W.2d 42 [1]. No prejudicial error resulted in overruling the motion for a continuance.

We have further examined the record, as required by Supreme Court Rule 28.02, V.A.M.R., and find no prejudicial error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed and the sentence pronounced shall be executed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.