**J. Donald ABEL et ux., Appellants,**

v.

**G. R. BRYANT et ux., Appellees.**

**No. 10906.**

Court of Civil Appeals of Texas.

Austin.

Jan. 3, 1962.

W. B. Traynor, Austin, for appellants.

Black & Stayton, Austin, for appellees.

ARCHER, Chief Judge.

This suit is for a mandatory injunction and involves the construction of restrictive covenants and conditions affecting adjoining lots.

The 98th District Court of Travis County, Texas entered an order requiring appellants J. Donald Abel and wife, defendants below, to permanently remove two Westinghouse air conditioning compressor and condensing units from their present location within five feet of the common boundary line between appellants' and appellees' lots, and if appellants elect to relocate and maintain said units on their property, to per-

manently relocate and maintain both of said units at some place thereon more than five feet in distance from such common boundary line, to which order J. Donald Abel and wife duly excepted and gave notice of appeal.

The Trial Court made findings of fact and conclusions of law to the effect that the units are closer than five feet to the common boundary line and are of sufficient dimensions to obstruct the view and prevent free passage along the area within five feet of the boundary; that the restrictions are mutual and that plaintiffs' are entitled to enforce them and prohibit the location of structures closer than five feet; and that the units are structures within the meaning of that term as used in the restrictions.

The appeal is founded on six points and are to the effect that the Trial Court erred in finding that the air conditioning units are structures and not fixtures; in ordering their removal from their location; in holding that the location of the units are within five feet of the common boundary line and constitutes a material violation of the restrictive covenants and constitutes a nuisance to plaintiffs; that the plaintiffs having erected physical improvements which extend beyond the limits of the property set-back line, which constitutes a material violation of the restrictive covenants, are estopped to complain of violations on the part of defendants; in holding that noise and heat emanating from the units constituted a nuisance.

On October 16, 1957 appellants purchased Lot No. 24, Block Y, Section 8 (originally known as Lot 5, Block H, Section 2), and employed an architect to prepare plans for the erection of a residence on their lot, which were accepted.

Appellants' lot adjoins and lies southwesterly from appellees' lot, sloping sharply in a southeasterly direction. The appellants' residence is a two-story structure. There is a 7-foot-high board fence on ap-

pellants' property along and within 6 inches of the common line.

The condensing units, the subject of this case, are made of steel and are 3 feet square and 31 inches high, resting on cement foundations about 3 feet apart and about 2 feet from the boundary line.

The Balcones Park Addition is impressed with certain covenants and restrictions applicable to all lots therein and the lots herein involved. The side lot set-back provisions read as follows:

"*7. Set-back, front line, Side Line and Rear Line.* No structure shall be located or erected on any lot nearer to the front plot line than twenty-five (25) feet, nor nearer than five (5) feet to any side plot line, except that the total combined set-back from both sides shall in no event be less than fifteen (15) feet, nor nearer than twenty (20) feet to the rear plot line."

Appellees alleged that appellants had violated this restriction and also that the noise, heat, fumes and leakage caused by and emanating from such units would annoy them and detract from the enjoyment of their property and sought a restraining order and a mandatory injunction requiring appellants to remove the units.

Appellants' position, admitting that the units are closer than five feet to the boundary line, contend that the units do not constitute structures within the meaning of the restrictive covenants and are not a material violation thereof and alleged that the front steps leading to appellees' house extend at least three feet beyond the twenty five foot front set-back line and pleaded that appellees are estopped to complain of similar violations.

Appellants do not challenge the legal conclusions 2, 3, 8 or 9 above mentioned or that the units are located within five feet of the common boundary line. The only question here involved is whether the units are structures within the terms of the restrictions.

The word structure has been defined as:

"The word 'structure' is often used in a broad sense, often in a restricted sense. The broad definition is that quoted in Favro v. State, 39 Tex.Cr.R. 452, 46 S.W. 932, 73 Am.St.Rep. 950: 'Any production or piece of work artifically built up, or composed of parts joined together in some definite manner; any construction.' In a restricted sense 'structure' means: 'A building of any kind, chiefly a building of some size or magnificence; an edifice'. 60 C.J. 666." Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506.

■ We believe that the Trial Court was justified in finding that units are "structures" under the foregoing broad definition and constitutes a material violation of the set-back restriction.

Appellees advised appellants' architect when the cement pads were being laid for the units that the proposed location of the units constituted a violation of the restrictions and objected to it. Later on J. C. French, an agent for Bryant, discussed the matter with appellants and the objection was ignored. The suit was filed before the units were moved onto the property. It is apparent that appellants knew that there was serious objection to the location of the units before they were placed on the pads.

■ We do not believe that the question of estoppel is a determining factor in this case. The steps and handrail do not in anywise interfere with the view and are no more than an ornamental structure, fence or wall and are not structures of such nature as to violate the set-back restrictions, nor does the sprinkling system as installed in appellees' yard, violate the restrictions.

■ The improvements, including the residence and the walk, handrail and the sprinkler system had been completed and installed on the premises now owned by appellees prior to the building by appellants

of their residence and improvements, and appellants were aware of the existence of the walk, handrail and sprinkler system, situated on the front area of appellees' property. It was not shown that appellants placed reliance on the fact that the walk, etc. were within the 25-foot set-back restriction and estoppel is not available to appellants. There was no evidence that such installations constitute a nuisance.

The judgment of the Trial Court is affirmed.

Affirmed.