

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 26, 1972

Hon. H. R. Nieman, Jr.      Opinion No. M-1051
Director
State Building Commission   Re: Authority of the State Building
409 Sam Houston Building     Commission to contract with the
Austin, Texas 78711         State Highway Department for
                        certain construction relating
Dear Mr. Nieman:            to State parks.

Your request for an opinion on the above subject matter reads, in part, as follows:

"Since the installation of utilities, roads and other facilities are all an integral part of the Texas Parks and Wildlife Department long range program and incremental projects containing buildings and structures it is requested that you render an opinion as follows:

"1. Are facilities such as camp and trailer sites, picnic areas, electrical, water, sewage and gas utility systems, roads, walks, trails, parking areas, access ramps, fishing piers and fencing, appurtenant to existing or program planned buildings and structures?

"2. Can the State Building Commission enter in a contract with the State Highway Department on a project funded by any State agency for the construction of roads, trailer loops and parking areas pursuant to the provisions of Article 678m without the approval of the Board of Control?"

You have further advised that the Texas Parks and Wildlife Department and the State Building Commission have entered into a contract, dated October 21, 1971, in which it was agreed that the latter would act for the former agency in connection with various aspects of the project and in executing necessary inter-agency contracts to complete the same. See Articles 4413(32) and 678f, Vernon's Civil Statutes.

In Attorney General's Opinion WW-1120 (1961) it was held

-5135-

that contracts entered into by the State Building Commission with other State agencies do not require the approval of the State Board of Control.

In discussing the powers of the State Building Commission, in Attorney General's Opinion M-721 (1970), this office stated:

"The fish pass and bridge referred to in your request is not a 'building', nor is it an integral part of a building construction project.  In our opinion Article 678f, Vernon's Civil Statutes, is not applicable.  Section 2(c) of that statute provides that a building construction project includes 'any building or any structure or any facility or utility appurtenant thereto.'  These terms are subject to a construction in harmony with the constitutional provision creating The State Building Commission and authorizing its powers.  Article III, Section 51-b(c), Constitution of Texas, authorizes the Legislature to fix the terms and conditions upon which the Commission 'may acquire necessary and real and personal property, salvage and dispose of property unsuitable for State purposes, modernize, remodel, build and equip buildings for State purposes, and negotiate and make contracts necessary to carry out and effectuate the purposes herein mentioned.'  Thus, Article 678f, Section 2(c) may grant no broader powers to the Building Commission than those given in Article III, Section 51-b(c).  Furthermore, 'any structure or any facility or utility appurtenant thereto' are subject to the construction that they mean like things in the same nature of a 'building'.  53 Tex.Jur.2d 221, Statutes, Secs. 154, 155.

"In interpreting the word 'building' as used in the Constitution, we must not give it a technical construction.  8A Texas Digest 17, Key No. 13, Constitutional Law.  Rather, we are required to interpret it as it would be understood by the average voter, unlearned in the law.  The meaning to be ascribed to it is the natural, ordinary, common sense meaning.  8A Texas Digest 18-21, Key No. 14, Constitutional Law; Brady v. Brooks, 99 Tex. 378, 89 S.W. 1052 (1905); Collingsworth County v. Allred, 120 Tex. 473, 40 S.W.2d 13, 15 (1931); 16 C.J.S. 79 Const.Law, Sec. 17, n. 54-55.

"Its ordinary meaning implies the idea of habitation for the permanent use of man, or an erection connected with his permanent use. Black's Law Dictionary, Fourth Edition, p. 244, under 'Building' and cases cited. In statutes, the word 'building' is held to depend for its meaning in some degree on its particular subject and its connection with other words. Johnson v. State, 96 Crim.Rep. 216, 257 S.W. 551 (1923). As commonly understood, it is a house for residence, business, or public use, or for the shelter of animals or storage of goods. Favro v. State, 39 Crim.Rep. 452, 46 S.W. 932 (1898).

"In view of the foregoing, in answer to your fourth question, you are advised that the fish pass and bridge, or approaches thereto, do not constitute a building or like structure, and it is not an integral part of a building construction project. Consequently, the Parks and Wildlife Department may not construct the same through the State Building Commission."

You state in your request:

"Under the terms of the State Building Construction Administration Act, codified as V.C.S. 678f, the State Building Commission as a service performs technical and administrative duties for other State agencies. The nature of the services embodies the construction of complex projects which include buildings and structures, facilities and utilities appurtenant thereto. The services performed for the Texas Parks and Wildlife Department on many projects in addition to buildings and structures contain or are adjuncts to such facilities as camp and trailer sites, picnic areas, electrical, water, sewage and gas utility systems, roads, walks, trails, parking areas, access ramps, fishing piers and all manner of fencing."

Applying the principles announced in Attorney General's Opinion M-721 (1970) to the facts presented in your request, we are of the opinion that park facilities such as camp and trailer sites, picnic areas, electrical, water, sewage and gas utility systems, roads, walks, trails, parking areas, access ramps, fishing piers, and fencing, if the same qualifies as a "building construction

project" within the definitions set out in Attorney General's Opinion M-721 (1970), may be a part of a building construction project within the meaning of Section 51b of Article III of the Constitution of Texas and Articles 678f and 678m, Vernon's Civil Statutes. In your opinion request, you state that such facilities are a part of your program and projects containing buildings and like structures.

You are further advised in answer to your second question that the State Building Commission, as agent for the Texas Parks and Wildlife Department, may contract with the State Highway Department for the construction of roads, trailer loops and parking areas pursuant to the agreement between the Texas Parks and Wildlife Department and the State Building Commission referred to in your request. Articles 6069b, 4413(32), Vernon's Civil Statutes. In view of the foregoing, such contracts do not require the approval of the State Board of Control.

### S U M M A R Y

The State Building Commission has the authority to contract with the Texas Parks and Wildlife Department for the performance of certain technical and administrative duties set out in Article 678f, Vernon's Civil Statutes, for the construction of construction projects on State parks. Such projects and facilities may include camp and trailer sites, picnic areas, electrical, water, sewage and gas utility systems, roads, walks, trails, parking areas, access ramps, fishing piers and fencing, provided the same qualifies as a "building construction project" within the definitions set out in Attorney General's Opinion M-721 (1970).

The State Building Commission, as agent for the Texas Parks and Wildlife Department, may contract with the State Highway Department on such projects for the construction of roads, trailer loops and parking areas without the approval of the State Board of Control.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Malcolm Quick
Dyer Moore
Charles Lind
Bob Flowers

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant