**STATE of Missouri, Respondent,**

v.

**James NUNLEY, Appellant.**

**No. 56320.**

Supreme Court of Missouri,
Division No. 1.

July 17, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Ronald A. Brown, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from two-year sentence on jury verdict of guilt on charge of assault with intent to kill with malice.

At approximately 1:30 A.M. on Sunday, January 25, 1970, a melee occurred outside a tavern in St. Louis. In the course of a fight Simon McCloud was shot. He told police officers that four or five men were fighting with him but he could not identify them. A few days later, he learned the name of the appellant, James Nunley, whom he had seen frequently before the affray but he did not know Nunley's name. He told police officers that Nunley had fired the gun. About a month later Nunley was arrested. He was identified at the trial by McCloud and another person present at the fight as the person who fired the shot.

Nunley's wife testified on his behalf that Nunley was ill on Saturday before the

shooting, suffering from a bad back and a cold and fever. She testified that her husband was at home all day, lying around on a sofa and that at around 7:30 or 8:00 P.M. he went upstairs and went to bed. At around 11:00 P.M., Reverend Jones and his wife called on them and went upstairs and visited with her husband for about an hour. They came downstairs and stayed until about 1:30 and her husband did not leave the house and was in bed when she retired at 2:00 A.M. Nunley testified to the same facts and denied that he shot McCloud.

A police officer testified that he arrived at the scene of the shooting at about 1:15 A.M. He spoke to McCloud at the hospital a half-hour or 45 minutes later. McCloud could not give him the name of any of the persons involved and did not indicate that he knew any of them. The officer said McCloud told him he was fighting with four men and would not know who shot him.

The trial had begun on the afternoon of October 20, 1970. The state presented some evidence that day and additional evidence the following morning. Nunley, his wife and the police officer had testified for the defendant prior to the noon recess on October 21. When court resumed following the noon recess, defense counsel requested a continuance until the next morning because Reverend Jones would not be able to come in that afternoon. Counsel explained to the court that he and the appellant had spoken to Reverend Jones during the noon recess and asked him to come in to testify at 2:00 P.M. Reverend Jones said he was going to the union hall and could not come in. Counsel said that he explained to Jones that his testimony was vital. The court inquired whether or not Jones had been subpoenaed and counsel said he had not done so because he did not wish to force him in. The court denied the request for a continuance. Defense counsel made an offer of proof showing that Jones's testimony would support that of de-

fendant and his wife and moved for a mistrial, which was denied. The defense then rested and the case was submitted to the jury.

On this appeal, the sole ground of error specified is the trial court's refusal to grant the continuance requested by defendant when Reverend Jones failed to appear. Appellant emphasizes that the continuance sought would only have terminated that day's court activity at 2:00 P.M. instead of the usual adjournment time. He contends that in view of the vital nature of Jones's expected testimony, the refusal of the continuance was an abuse of discretion and prejudicially erroneous.

Appellant acknowledges that the denial of a continuance is rarely reversible error and that it is a matter which rests with the sound discretion of the judge. He has cited only civil cases in which the refusal of a continuance was held not error. Those cases are of no value in passing upon the question here presented.

Review of the circumstances of the trial court's action compels the conclusion that no abuse of discretion has been here demonstrated. Defense counsel acknowledged that he was aware the previous day that the defense case would have to be presented on the second day of the trial. There is no showing that any effort was made to get in touch with Reverend Jones prior to the noon recess on the second day of the trial. Appellant declined to subpoena Jones and made no offer to do so in connection with the request for a continuance. There is nothing on the record here which shows that, had a continuance been granted as requested, Jones would have appeared the following day. The lack of diligence and the absence of assurance that a continuance would have resulted in the presence of the witness preclude a finding of abuse of discretion by the trial court. See State v. Shaw, Mo.Sup., 357 S.W.2d 894, 895–896[1]; State v. Scott, Mo.Sup., 338 S.W.2d 873, 876[4–6].

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

BARDGETT, Acting P. J., SEILER, J., and FINCH, C. J., concur.

HOLMAN, P. J., not sitting.