STATE of Missouri, Respondent,

v.

**Larry DELOCH, Appellant.**

**No. 38532.**

Missouri Court of Appeals,
St. Louis District,
Division One.

July 19, 1977.

Robert C. Babione, Public Defender, Frank R. Fabbri III, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

A jury found defendant Larry Deloch, guilty of three counts of felonious wounding (§ 559.210 RSMo 1969), and a fourth count of operating a motor vehicle without the consent of the owner (§ 560.175(1) and § 560.180(1)). The court sentenced defendant to four years imprisonment for each of the three counts of felonious wounding, to run consecutively, and four years imprisonment for operating a motor vehicle without the consent of the owner, to run concurrently with the other counts.

The defendant does not question the sufficiency of the evidence, so we shall only give a brief review of the facts.

Three police officers of the St. Louis Metropolitan Police Department were patrolling near the intersection of Eleventh Street and Delmar Avenue on October 20, 1975. The officers observed a brown 1975 Ford driven by the defendant traveling the wrong way on Delmar at an excessive speed. The vehicle then proceeded to disregard the traffic signal on Delmar. The officers gave chase and radioed for assistance.

After a brief chase, the vehicle driven by the defendant collided with a second car on Parnell Avenue. The driver and the passengers in the second car were seriously hurt and rushed to the hospital. The defendant was placed under arrest. The vehicle driven by the defendant was identified

as a stolen auto belonging to Mr. Kent Bartels. During the arrest, the officers found several items on the driver's seat which indicated the vehicle was stolen. The items included a "dent puller," ignition switch, broken screw, and a screwdriver.

The trial took place on September 2, 1976. Testimony was offered by the three policemen involved in the chase, and an eyewitness to the collision with the second car. During the trial, "the dent puller," ignition switch, broken screw, and screwdriver were all marked as state's exhibits and identified by the police officers in front of the jury as the evidence found in the stolen car at the time of the arrest. The state did not move to introduce these items during the presentation of their case in chief, but requested during the closing argument that the case be reopened for the sole purpose of introducing the items into evidence. The trial court allowed the case to be reopened and the items formally admitted over the objections of the defendant.

The jury returned a verdict of guilty on all four counts, and the court sentenced the defendant as set out above. This appeal followed.

Defendant raises two issues on appeal: 1) the trial court abused its discretion in allowing the state to reopen the case during closing argument and introduce the items found in the stolen car, and 2) it was plain error for the state to fail to cite the section of the Missouri Statutes proscribing the conduct charged in the substituted Information.

■ We hold the first issue to be without merit. Any contention of error by the trial court in reopening the case for the purpose of admitting the items was waived. The only objection made to the admissibility of this evidence was one relating to the relevance and prejudicial effect. An assignment of error made in a motion for a new trial or on appeal must be predicated upon an objection made in the trial court. *State v. Jones,* 515 S.W.2d 504 (Mo.1974). No objection was made to the reopening of the case.

■ However, even if this point was preserved, we do not believe there was an abuse of discretion. As stated in *State v. Robinson,* 325 S.W.2d 465 (Mo.1969, (at 470), "It is well settled that the trial court has a broad discretion as to the order of proof and the reopening of a case." The facts in the *Robinson* case are very similar to the facts before us. In *Robinson,* a hammer was exhibited to the jury and witnesses were examined and cross-examined concerning it. The state failed to introduce the hammer into evidence during the case in chief. However, the court did allow the case to be reopened for the formal admission of the hammer. On appeal, our Supreme Court did not find an abuse of discretion in the trial court allowing the case to be reopened. The court concluded that by exhibiting the hammer to the jury, and examining and cross-examining witnesses with reference to the hammer, it was actually in evidence though not formally admitted prior to the close of the state's case.

■ Applying the reasoning in the *Robinson* case to the facts before us, it is clear that there was no abuse of discretion in allowing the case to be reopened for formal admission of the "dent puller", ignition switch, broken screw, and screwdriver.

■ The second issue raised by the defendant can be considered without lengthy discussion. Defendant contends that it was plain error to fail to cite the appropriate section of the Missouri Revised Statutes in the substitute Information. It is true that pursuant to amended Rule 24.01, the Information must contain the section of the Revised Statutes which proscribes the conduct charged. However, the requirement of reference to the statutory section was added in the 1977 rules. The effective date was January 1, 1977. The version of Rule 24.01 that was in effect when the Information was filed contained no such requirement. Rule 24.01 in effect when the Information was filed required only that the Information contain the essential facts constituting the offense charged. *See* Rule 24.01 (1976). *See also, State v. Osborn,* 526 S.W.2d 37 (Mo.App.1975). We believe the substitute

Information satisfactorily complies with the version of Rule 24.01 in effect at the time the Information was filed.

For the reasons stated above, we affirm the judgment of the Circuit Court.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.