STATE of Missouri, Respondent,

v.

Richard P. MURRY, Appellant.

No. 39406.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 13, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 13, 1979.

Christopher J. Holthaus, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Richard Thurman, Asst. Attys. Gen., Jefferson City, Ronald L. Boggs, Pros. Atty., Thomas Palumbo, Asst. Pros. Atty., St. Charles, for respondent.

CRIST, Judge.

Defendant was convicted in the Circuit Court of St. Charles County of exhibiting a dangerous and deadly weapon and was sentenced to a term of one year in the county jail. We affirm.

Defendant first complains that the trial court erred in giving MAI–CR 13.12, the verdict director on the offense charged. He states that the instruction was not couched in the terms of the applicable statute, thus permitting a conviction when his actions may not have violated the statute. The pattern instruction requires a submission that the defendant exhibited the weapon "in a rude, angry and threatening manner." The statute defines the offense as exhibiting the weapon "in a rude, angry or threatening manner." Section 571.115 RSMo. Supp.1978.

This point was not preserved for review. Defendant did not raise specific objection to the wording of the instruction either at the time it was given or in his motion for new trial. Rule 20.03 requires specific objection to instruction error in the motion for new trial unless made on the record at the time of trial. *State v. Sykes,* 559 S.W.2d 643, 646 (Mo.App.1977). Nor would the plain error rule, Rule 27.20(c), provide any basis for relief. Rule 20.02(c) provides that an applicable MAI–CR instruction shall be given to the exclusion of any other on the same subject.

Defendant next complains that the information was not couched in the language of the statute. This variance is based on the use of the conjunctive "rude, angry and threatening" in the information as opposed to the use of the disjunctive "or" in the statute.

The disjunctive "or" is not an essential averment in order to allege violation of the statute. The key inquiry in determining the sufficiency of an information is whether there is a statement of the essential facts constituting the offense charged. Rule 24.01. The cases relied on by defendant involved omissions of factual allegations necessary to allege commission of a crime.

Here the information alleged that defendant, on a specific date and in the presence of a specific person, exhibited a .38 caliber revolver in a rude, angry and threatening manner. Since the statute proscribes exhibiting the weapon in any one of those three manners the information charges the commission of a crime. Defendant was sufficiently informed of the nature and elements of the crime with which he was charged. Even assuming *arguendo* that the language of the statute proscribes three distinct acts or offenses, it is proper for an information charging violation of such a statute to allege more than one of the acts as long as they are charged in the conjunctive. *State v. Hook,* 433 S.W.2d 41, 43 (Mo.App.1968). That was done here. Further, when the 1976 information was filed, it was not necessary, as it is now, to cite the applicable Missouri Statute. Rule 24.01; *State v. Deloch,* 554 S.W.2d 559 (Mo.App. 1977).

Defendant complains that the evidence did not conform to the information in that the victim testified that he did not feel threatened when defendant exhibited the gun. This point has no merit on several grounds. First, the "threatening" manner referred to in the statute is not based on a victim's subjective perception of the dangers involved, but rather on the objective activity of the defendant by which a jury can judge whether the act was threatening. In this case, the jury could have found that defendant yelled an epithet at the victim, marched into his yard and pointed a revolver to the side of his head while standing within a foot of him. That was sufficient for the jury to have found the activity "threatening." Additionally, the victim testified that he was in such a state of surprise that "I really didn't know what I was thinking except I knew I had to talk him out of whatever was happening there."

Defendant next alleges that the trial court erred in denying his motion for continuance or recess to permit his mother to testify. By attorney affidavit the mother would allegedly have testified that she was an eyewitness to the occurrence and did not see her son exhibit a weapon. Defendant told his lawyer on the morning of trial that his mother was sick. The court had this information prior to trial. It requested a medical report and some indication of when she would testify. Defense counsel made several calls to the mother's home that morning. Counsel was told by unidentified persons that the mother was sick. She was sleeping and could not come to the phone. When the court inquired as to the defendant's efforts to contact his mother, his attorney did not relate any action on his part to contact her during the noon recess. Defendant had discouraged his attorney from calling a second time that morning "for fear she was sleeping and nobody there but [the attorney] called anyway." A medical report, or related evidence of any kind, was not produced either at the time the motion for continuance was ruled upon or when raised in his motion for new trial.

A motion for continuance or recess during trial is directed toward the sound discretion of the trial court. *State v. Green,* 534 S.W.2d 600, 604 (Mo.App.1976). A defendant can only obtain reversal of a conviction based upon the exercise of that discretion by a clear showing of abuse. *State v. Scott,* 338 S.W.2d 873, 876 (Mo. 1960). When, as here, the court can conclude that the defendant is not making every effort, either to secure the attend-

ance of a witness he claims is indispensable, or to obtain information as to the status of the witness and when she may be able to testify, the court has acted within its discretion in denying a continuance. This is consistent with the requirements of Rule 25.08. *See State v. Nunley,* 482 S.W.2d 503 (Mo. 1972); *State v. Collie,* 503 S.W.2d 445 (Mo. App.1973).

In defendant's fourth point, he claims as error the failure to grant a mistrial when the prosecuting attorney referred to the absence of his only favorable eyewitness because the prosecutor had previously objected to the presence of the witness and did not assist in ordering a body attachment. This point provides no ground for relief for several reasons. Those portions of the record cited by defendant are devoid of any prosecutorial reference to the absence of the mother as a favorable witness. Further, the point was not preserved by reason of his failure to object and failure to include it in his motion for new trial. *State v. Jones,* 515 S.W.2d 504 (Mo.1974).

Defendant's final point is stricken for failure to comply with Rule 84.04(d). His point relied on was:

"The trial court erred in admitting testimony over objection because it was prejudicial and inflammatory and had the effect of denying appellant a fair trial."

This point does not show what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. *State v. Davis,* 556 S.W.2d 745 (Mo.App.1977). In any event, our perusal of the transcript and briefs demonstrates that there is no merit to his final point.

The judgment is affirmed.

DOWD, P. J., and SATZ, J., concur.