**MONDAY VILLAS PROPERTY OWNERS ASSOCIATION, Appellee,**

**v.**

**BARBE, Appellant.**

[Cite as *Monday Villas Property Owners Assn. v. Barbe* (1991), 75 Ohio App.3d 167.]

Court of Appeals of Ohio,
Montgomery County.

No. 12317.

Decided July 25, 1991.

**168**

*James I. Weprin,* for appellee.

*Charles W. Slicer, Jr.,* for appellant.

BROGAN, Judge.

This appeal results from the judgment of the Montgomery County Court of Common Pleas finding appellant, Allan M. Barbe, in violation of the Rules and Regulations of the Monday Villas Property Owners Association ("MVPOA").

On June 26, 1986, Barbe purchased a condominium unit located at 5834 Troy Villa Boulevard, Huber Heights, Ohio, said unit being in the MVPOA community. At the closing, Barbe received an updated version of MVPOA's declaration and by-laws. However, he did not receive the rules and regulations concerning various restrictive uses of the property.

Unaware of the restriction disallowing the installation and use of antennas, Barbe installed three antennas on the property for use in his "ham" radio operations shortly after the purchase of the property. Two of the antennas were situated on tripods and one was located on top of a flagpole situated on the patio of his property.

On January 17, 1989, Barbe received a letter from MVPOA's president requesting that the antennas be permanently removed. Barbe refused to remove them, thus causing MVPOA to bring suit against him alleging a violation of the rules and regulations of the condominium association. MVPOA sought injunctive relief to compel the removal of the antennas and also sought damages. Barbe filed an answer and counterclaim alleging that the condominium restrictions against antennas violated his First Amendment right to free speech, were overbroad and were outlawed by the Federal Communications Act of 1934. MVPOA filed a timely answer to the counterclaim.

The matter was referred to a referee on September 25, 1989. MVPOA filed a motion for summary judgment, but said motion was denied and the matter went on for a hearing. At the conclusion of hearing the referee filed his report finding that Barbe was at all times without notice of the Rules and Regulations prohibiting antennas, that the Rule concerning the construction of antennas was not applicable to Barbe and that the inconvenience to the MVPOA in having the antennas remain was less than the inconvenience to Barbe in having the antennas removed. Therefore, the referee's report recommended finding for Barbe.

Objections to this report were filed and on June 8, 1990, the trial court entered its final judgment rejecting the referee's report and finding for MVPOA and, thus, ordered the antennas removed. It is this judgment that appellant appeals to this court.

In the first of two assignments of error, appellant contends that the trial court erroneously concluded that he was put on notice, actual or constructive, of any rules and regulations concerning the prohibition of antenna installation.

At the closing, Barbe received the condominium association's declaration, by-laws, and a notice telling him that he must obey the condominium rules and regulations. Barbe claims that he thought that what he had been given included the rules and regulations. Despite not having the rules and regulations, which specifically prohibit antennas, Section 1.05 of the declaration states:

"Except as herein provided for, there shall be no structures or enclosures above the ground of the Commons and no public, commercial or business use of any kind shall be permitted herein."

While appellant contends that his antennas do not constitute structures, we disagree. The lower court, in addressing the issue of what constitutes a "structure," cited the following case law:

"Several courts have defined 'structure' broadly. The Texas Supreme Court defined a structure as 'any production or piece of work artificially built up, or composed of parts joined together in some definite manner.' *Stewart v. Welsh* 142 Tex. 314, 17 [178] S.W.2d 506. The Supreme Court of Maine defined a structure as 'a thing constructed or erected and use of which requires more or less permanent location on ground or attachment to something having permanent location on ground.' *Leavitt v. Davis* 153 Me. 279, 136 A.2d 535 (1957). Finally, the Court in *Mitchell v. Gaulding* Tex.Civ.App., 483 S.W.2d 41 (1972), defined a structure as 'any production or piece of work artificially built up, or composed of parts joined together in some definite manner.' "

Relying on this case law, the trial court concluded:

"Referring to these definitions and relying on Ohio cases concerning restrictive covenants, this Court concludes that Ohio courts should also give a broad definition to the word 'structure.' This conclusion is supported by *McBride v. Behram* [Behrman] 28 Ohio Misc. 47 [57 O.O.2d 77, 272 N.E.2d 181] (1971), in which the court held that a house trailer constituted a structure prohibited by a restrictive covenant. In reaching this decision, the *McBride* Court relied on surrounding circumstances to determine the true intent of the parties and the real purpose of the restriction at the time the restriction on the free use of property originated."

The trial court then concluded that the purpose of the restriction in the instant case was to guarantee the uniformity and harmony in appearance that has been associated with condominium development and, therefore, held that

the antenna was a structure. Parenthetically, it is interesting to note that even the Federal Communication Commission, in its extensive rules and regulations for Amateur Radio Service refers to antennas as "station antenna *structures.*" (Emphasis added.) See Section 97.15(e) of the F.C.C. Rules and Regulations for Amateur Radio Service. For the reasoning stated above, we agree with the trial court that the antennas constitute structures pursuant to Section 1.05 of MVPOA's declaration and, thus, find that Barbe was on notice that his antennas were prohibited.

Further, appellant argues that his antennas do not pose any threat to the aesthetic value of the condominium property and thus challenges the reasonableness of the rules and regulations of MVPOA. The test for determining the reasonableness of the association's actions has been articulated in *River Terrace Condominium Assn. v. Lewis* (1986), 33 Ohio App.3d 52, 514 N.E.2d 732. The test consists of three questions: (1) whether the decision was arbitrary and capricious, (2) whether it was nondiscriminatory and even-handed, and (3) whether it was made in good faith for the common welfare of the owners and occupants of the condominium. *Id.* at paragraph four of the syllabus. There exists case law to support the notion that rules created to affect the aesthetics and uniformity of appearance, and thereby depriving condominium owners of some freedom to do with their property as they wish, are valid. See *O'Buck v. Cottonwood Village Condominium Assn.* (Alaska 1988), 750 P.2d 813 and *Georgetown Arms Condominium Owners' Assn. v. Super* (1986), 33 Ohio App.3d 132, 514 N.E.2d 899. In addition, MVPOA has applied this rule across the board and has only permitted television antennas to be erected for the use of the condominium owners. Therefore, we find that the rule is reasonable and that Barbe did have proper notice of the prohibition. Appellant's first assignment of error is overruled.

In the second of his assignments of error, appellant contends that the trial court erroneously concluded that the Federal Communications Commission rules and regulations do not preempt any state or private regulation of amateur "ham" radio operations and that those rules accommodate the installation of antennas for such operations when and where applicable.

This argument is simply not applicable to the present case. In order to use the preemption argument, there must exist a state regulation or local law or ordinance that is preempted by the federal regulation. See *Ross v. Hatfield* (D.C.Kan.1986), 640 F.Supp. 708. In the present case, all that exists is a private regulation in a private contractual agreement. Thus, appellant's

argument is not applicable. Appellant's second assignment of error is overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

FAIN, P.J., and WOLFF, J., concur.