THE BLUFFS OF WILDWOOD HOMEOWNERS' ASSOCIATION, INC., Appellee,

v.

DINKEL, Appellant.*

[Cite as *The Bluffs of Wildwood Homeowners' Assn., Inc. v. Dinkel* (1994), 96 Ohio App.3d 278.]

Court of Appeals of Ohio,
Butler County.

No. CA94–02–036.

Decided Aug. 1, 1994.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1994), 71 Ohio St.3d 1421, 642 N.E.2d 386.

*Barron, Peck & Bennie* and *Rex A. Wolfgang*, for appellee.

*Patrick P. Connelly; Millikin & Fitton* and *Keith M. Spaeth*, for appellant.

Jones, Presiding Judge.

On August 6, 1991, plaintiff-appellee, The Bluffs of Wildwood Homeowners' Association, Inc., filed a complaint in the Butler County Court of Common Pleas against defendant-appellant, Gregory P. Dinkel. Appellee requested a permanent injunction to prevent Dinkel from parking his 1989 GMC pickup truck in the common areas of The Bluffs of Wildwood in violation of Section 7.1(C) of the Bluffs of Wildwood Declaration and Bylaws of Condominium Ownership ("Declaration").

Under the trial court's January 27, 1993 pretrial order, the deadline for filing motions for summary judgment was February 15, 1993. On February 16, 1993, Dinkel filed a motion for summary judgment. Appellee failed to respond to the motion and no hearing was held. The trial court filed a decision granting Dinkel's motion on March 16, 1993. The following day, on March 17, 1993, appellee filed a "Motion to Allow Answer to Summary Judgment Out of Time." In addition, appellee filed a "Memorandum in Opposition to Defendant's Motion for Summary Judgment and Countermotion for Summary Judgment." On March 18, 1993, appellee filed a "Motion to Set Aside Summary Judgment." Dinkel filed a motion in response to appellee's motion to set aside summary judgment and to allow summary judgment out of time on April 16, 1993.

On May 11, 1993, the trial court filed an "order granting appellee's motion to set aside summary judgment and for leave to respond out of time to * * * [Dinkel's] motion for summary judgment." In its order, the trial court stated that it had considered appellee's motion to set aside summary judgment to be a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court found that appellee's failure to respond to the motion for summary judgment occurred because of excusable neglect. The court denied both parties' motions for summary judgment on July 12, 1993. The matter proceeded to trial on October 15, 1993. Finally, on January 28, 1994, the trial court entered judgment permanently enjoining Dinkel from parking his pickup truck on the common areas of the condominium property.

On appeal, Dinkel raises the following two assignments of error:

"Assignment of Error No. 1:

"The trial court denied the defendant due process when it improperly reconsidered and reversed summary judgment granted to the defendant.

"Assignment of Error No. 2:

"The trial court erred when it held the condominium restriction at issue enforceable."

In his first assignment of error, Dinkel argues the trial court abused its discretion and denied him due process when it *sua sponte* construed appellee's motion to set aside summary judgment as a Civ.R. 60(B) motion for relief from judgment and reversed the grant of summary judgment. Dinkel, relying on *Consol. Rail Corp. v. Forest Cartage Co.* (1990), 68 Ohio App.3d 333, 588 N.E.2d 263, essentially argues appellee's motion was an invalid motion to reconsider and that all judgments or final orders by the trial court that flow from the motion are void. Dinkel also argues the trial court erred in not holding a hearing on the motion.

*Forest* is factually distinguishable from the present case. In *Forest*, the trial court was presented with a motion captioned "Motion for Reconsideration and Motion for Extension of Time in Which to File a Reply Brief." The motion did not request "relief pursuant to Civ.R. 60(B) or request the trial court 'vacate' " its prior orders. *Id.* at 339, 588 N.E.2d at 267. Thus, the motion was not considered a Civ.R. 60(B) motion. The court found the motion to be a nullity and found all orders flowing from the trial court's decision granting the motion void.

In the present case, although the motion to set aside summary judgment is inartfully drafted, we find that it constituted a Civ.R. 60(B) motion for relief from judgment. Appellee's March 18, 1993 motion was captioned as a "Motion to Set Aside Summary Judgment." In the motion, appellee requested that the trial court set aside its previous order granting summary judgment. The motion also incorporated by reference an affidavit of appellee's counsel and appellee's motions and memoranda filed on March 17, 1993.

The affidavit of appellee's counsel sets forth particular facts tending to show excusable neglect due to personal and family illness. The motion was timely made. In addition, the supporting memoranda incorporated by reference into appellee's motion tended to demonstrate that appellee had a meritorious claim to present if relief was granted.

As a result of determining that appellee's motion was a valid Civ.R. 60(B) motion, we are unable to reach the merits of the trial court's decision granting the motion. An order vacating a judgment pursuant to Civ.R. 60(B) is a final order. *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph one of the syllabus. Dinkel forfeited his right to assign as error the trial court's order vacating its prior judgment because he did not timely appeal. See *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 223, 230, 10 O.O.3d 227, 231, 382 N.E.2d 1179, 1185. Accordingly, Dinkel's first assignment of error is overruled.

In his second assignment of error, Dinkel argues that appellee failed to set forth competent, credible evidence to carry its burden of establishing reasonable grounds for enforcing the condominium restriction contained in Section 7.1(C) of the Declaration. Dinkel argues that the condominium restriction is *per se* unreasonable because it does not promote any common scheme or plan.

Section 7.1(C) of the Declaration provides:

"No part of the common areas or limited common areas and facilities shall be used for parking of any trailer, truck, boat, motorcycle, scooter or anything other than operative automobiles. * * * The word 'truck' shall include and mean every type of motor vehicle other than passenger cars and other than any pickup truck

which is used as the sole automobile vehicle by a family occupying one of said units."

■ Compliance with condominium declarations and bylaws is required under R.C. 5311.19 where the restrictions are reasonable. See *Monday Villas Property Owners Assn. v. Barbe* (1991), 75 Ohio App.3d 167, 171, 598 N.E.2d 1291, 1294; *Worthinglen Condominium Unit Owners' Assn. v. Brown* (1989), 57 Ohio App.3d 73, 75–76, 566 N.E.2d 1275, 1277–1278; *River Terrace Condominium Assn. v. Lewis* (1986), 33 Ohio App.3d 52, 57, 514 N.E.2d 732, 737. Ohio courts have applied a three-part test to determine if a condominium restriction is reasonable. Under the reasonableness test, a reviewing court must determine (1) whether the decision or rule is arbitrary, (2) whether the decision or rule is applied in an even-handed or discriminatory manner, and (3) whether the decision or rule was made in good faith for the common welfare of the owners and occupants of the condominium. *Brown, supra,* 57 Ohio App.3d at 76, 566 N.E.2d at 1277.

■ The reasonableness test offers some guidelines for courts to use when reviewing condominium restrictions. However, where the restriction is contained in a condominium declaration and is in existence prior to the purchase of a condominium unit, the reasonableness test has less relevance. In such a case, it must be remembered that:

"It has long been recognized that persons have a fundamental right to contract freely with the expectation that the terms of the contract will be enforced. This freedom 'is as fundamental to our society as the right to write and to speak without restraint.' *Blount v. Smith* (1967), 12 Ohio St.2d 41, 47, 41 O.O.2d 250, 253, 231 N.E.2d 301, 305. Government interference with this right must therefore be restricted to those exceptional cases where intrusion is absolutely necessary, such as contracts promoting illegal acts. * * *" *Nottingdale Home-owners' Assn., Inc. v. Darby* (1987), 33 Ohio St.3d 32, 36, 514 N.E.2d 702, 705–06.

■ Dinkel stipulated at trial that he is the fee simple owner of a condominium at The Bluffs of Wildwood and that he is bound by all legal restrictions imposed by appellee. Dinkel also stipulated that his family owns a passenger car and a pickup truck. Dinkel concedes that by parking his pickup truck in the common areas he is in violation of the plain language of Section 7.1(C) of the Declaration. Dinkel, however, argues that Section 7.1(C) is unenforceable because it discriminates against his family status and his right to own a pickup truck.

The record supports the trial court's finding that prior to closing on his condominium unit Dinkel received and read a copy of the Declaration containing the restriction and that he was advised by appellee's president that he could not park his pickup truck on the common areas. Further, the trial court found that Dinkel was aware of the restriction before entering into a contract to purchase

the condominium unit. Finally, the trial court found that the restriction has been applied consistently and uniformly.

We find that the restriction contained in the Declaration is reasonable. See *Brown, supra.* In addition, there is competent, credible evidence supporting the trial court's finding that Dinkel freely and knowingly entered into the contract with appellee. See *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411, 461 N.E.2d 1273, 1276; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Dinkel has failed to demonstrate that the contract is unenforceable as against public policy. Thus, Section 7.1(C) of the Declaration is enforceable. *Darby, supra;* R.C. 5311.19. Accordingly, Dinkel's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.