**Consolidated Rail Corp.**
**v.**
**Forest Cartage Co., Inc.**
*[Cite as 7 AOA 270]*

*Case No. 56734*
*Cuyahoga County, (8th)*
*Decided September 6, 1990*

*Forrest A. Norman, John F. Hill, Gallagher, Sharp, Fulton & Norman, 1501 Euclid Avenue, Cleveland, Ohio 44115, for Plaintiff-Appellant.*

*William D. Bonezzi, Kevin M. Norchi, Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., 1301 East Ninth Street, Suite 1400, Cleveland, Ohio 44114-1824, for Defendant-Appellees.*

KRUPANSKY, J.

On August 22, 1986 Consolidated Rail Corporation ("Conrail") instituted this action against Forest Cartage, Inc., Ronald J. Smoker, John N. Smoker, Smoker & Son (collectively "Forest Cartage") and St. Paul Fire and Marines Insurance Co. ("St. Paul") alleging it was a "protected person" under the St. Paul insurance policy and indemnity clause in its contract with Forest Cartage and demanding a defense and indemnification as a result of a fatal accident to a Conrail employee. Both parties moved for summary judgment which was granted in favor of defendants Forest Cartage et al. On November 18, 1988 Conrail appealed to this court in the case *sub judice* challenging the granting of summary judgment to defendants which became a final appealable order more than thirty days before the institution of this appeal.[1] App. R. 4(A). Defendants filed their motion to dismiss the within appeal for lack of jurisdiction prior to oral argument. The relevant procedural history of the case follows:

(1) March 4, 1988 - Conrail (plaintiff) filed its motion for summary judgment.

(2) March 11, 1988 - defendants filed their motion for summary judgment.

(3) June 21, 1988 - the trial court denied Conrail's motion and granted summary judgment to defendants.

(4) July 5, 1988 - Conrail filed a motion captioned: "Motion for Reconsideration and Motion for Extension of Time in which to File a Reply Brief." Attached to this motion was an affidavit of counsel averring in essence that plaintiff's had neither notice of defendants' motion for summary judgment nor an opportunity to reply.

(5) July 13, 1988 - the trial court entered an order stating as follows:

"Pltf Mtn for Reconsideration is treated as a Relief from Judgment. Relief Granted. Entries of 6-20-88 granting and denying summary judgment are vacated. Case reinstated."

(6) October 24, 1988 - the trial court denied Conrail's motion for summary judgment and once again granted defendants' motion for summary judgment.

(7) November 18, 1988 - Conrail filed its notice of appeal to the Eighth District Court of Appeals.

App. R. 4(A) requires an appeal be filed within thirty days after the entry of a final judgment or order. This time requirement is jurisdictional and may not be extended except for reasons contained in App. R. 4(A)[2] which are not applicable herein. *Ditmars v. Ditmars* (1984), 16 Ohio App. 3d 174, 175; *Lorber v. Norvelis* (August 31, 1989), Cuyahoga App. No. 57481, unreported. Furthermore, Civ. R. 60(B) relief does not substitute for an appeal nor can it be used "to circumvent or extend the time requirements for filing an appeal." *Blasco v. Mislik* (1982), 69 Ohio St. 2d 684, 686.

The trial court's orders of June 21, 1988 which denied plaintiff's motion for summary judgment and granted summary judgment to defendants were final and appealable. Conspicuously absent was any motion timely filed by plaintiff which suspended the thirty days to file a timely appeal, *viz.*, (1) motion for new trial under Civ. R. 59; or (2) motion for judgment

n.o.v. pursuant to Civ. R. 50. Therefore, on June 21, 1988, plaintiff had a final appealable order and if dissatisfied with the trial court's decision, plaintiff had until only July 21, 1988 to file a timely notice of appeal. A November 17, 1988 notice of appeal is fully one hundred nineteen days out of rule.

What transpired at the trial court level was a series of inept manipulations of the civil rules which served to obfuscate the facts that the parties' due process rights were trounced and the appeal *sub judice* is not timely.

On July 5, 1988 Conrail filed a motion captioned "Motion for Reconsideration and Motion for Extension of Time in Which to File a Reply Brief" in response to the final order of June 21, 1988 denying their motion for summary judgment and granting summary judgment to defendants. Attached to the above motion was an affidavit of Conrail's counsel who basically averred plaintiff was without notice or receipt of defendants-appellees' motion for summary judgment, thereby denying them the opportunity to oppose it. Plaintiff's "Motion for Reconsideration" simply sought to extend the time for their reply brief. Plaintiff did not seek vacation of the order of June 21, 1988.

The trial court entered an order on July 13, 1988 in response to plaintiff 's "Motion for Reconsideration" stating in part as follows:

"Pltf Mtn for Reconsideration is treated as a Relief from Judgment. Relief Granted. Entries of 6-20-88 granting and denying summary judgment are vacated. Case reinstated."

The trial court in its order of July 13, 1988 in the few sentences quoted above abused its discretion and committed five errors. The trial court erred as follows:

(1) Changed a motion for reconsideration into a Civ. R. 60(B) motion;

(2) Failed to give notice to defendants of the change so defendants could respond to the Civ. R. 60(B) motion;

(3) Granted the Civ. R. 60(B) motion;

(4) Vacated the final appealable order; and

(5) Reinstated the case.

App. R. 4(A) provides in pertinent part as follows:

"(A) In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from.

"***

"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules granting or denying a motion (1) for judgment under Rule 50(B); (2) for a new trial under Rule 59. ***"

Furthermore Civ. R. 7(B) (1) states in part as follows:

"(1) An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A *motion*, whether written or oral, *shall state with particularity the grounds therefor, and shall set forth the relief or order sought. ***"* (Emphasis added.)

Plaintiff did not request relief from judgment pursuant to Civ. R. 60(B), however, the trial court *sua sponte* elevated the ill-advised "Motion for Reconsideration" into a motion for "Relief from Judgment." The Eighth District Court stated in its recent opinion *Kertes Enterprises, Inc. v. Planning Zoning Commission of Orange Village* (May 17, 1990), Cuyahoga App. No. 58092; unreported, as follows: "Civ. R. 60(B) provides the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment." *McCue v. Insurance Co.* (1979), 61 Ohio App 2d 101.

In light of the above circumstances, it appears the issue may encompass the latitude the trial court has seized when granting Civ. R. 60(B) relief to a party either without the party fulfilling the requirements for such motion or allowing the opposing party notice and an ample opportunity to respond. The Ohio Civil Rules and due process require that such a practice should not be tolerated. See *Sperry v. Hlutke* (1984), 19 Ohio App. 3d 156.

In addition, the facts require investigating whether the trial court had the authority to vacate the order in controversy under the guise of a civ. R. 60(B) or *sua sponte*. In this regard, the court stated in *Rice v. Bethel Assoc.; Inc.* (1987), 35 Ohio App. 3d 133, at syllabus:

"Unless notice and an opportunity to be heard are given to opposing parties, a trial court has no authority to vacate its judgment, whether upon motion or *sua sponte*."

Furthermore, the *Rice* court added at 134 as follows:

"We have previously recognized that Civ. R. 60(B) provides 'the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment.' *Cale Products, Inc. v. Orrville Bronze & Alum. Co.* (1982), 8 Ohio App. 3d 375, 378, 8 OBR 489, 492, 457 N.E. 2d 854, 858 (citations omitted). Based upon this principle, at least one other Ohio appellate court has held that a trial court is without authority to vacate its final orders *sua sponte.* See *Hellmuth, Obata & Kassabaum v. Ratner* (1984), 21 Ohio App. 3d 104, 107, 21 OBR 112, 114, 487 N.E. 2d 329, 331. In light of the due process concerns involved, we find this rule proper in the case *sub judice.*"

Therefore, the trial court erred and abused its discretion acting outside its authority in granting the above pseudo Civ. R. 60 (B) motion without giving the defendants an opportunity to respond. *Rice, supra.*

It is axiomatic that the filing of a motion for reconsideration after a final appealable order does not suspend the time for filing a notice of appeal. *State, ex rel. Pendell, v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St. 3d 58, 60; *Pitts v. Dept. of Transportation* (1981), 67 Ohio St. 2d 378, 379-381; *Sakian v. Taylor* (1984), 18 Ohio App. 3d 62, 63; *Spinell v. Ohio State Home Servs., Inc.* (Apr. 27, 1989), Cuyahoga App. No. 56327, unreported; App. R. 4(A).

*Pitts* notes the civil rules do not provide for a motion for reconsideration and holds such motion to be a nullity when entered after a final appealable order. *Pitts, supra*, at 380. Furthermore, the *Pitts* majority clearly indicates the trap of practical considerations involved in attempting to extrapolate or decipher which motion a party *really meant* to file. The *Pitts* court clearly envisioned the quandary presented in the case *sub judice* when stating as follows:

"*** Once again, this court as well as the lower courts are left in a procedural quagmire of trying to elevate a motion for reconsideration after a final judgment to the status of a motion for a new trial or as a motion for a directed verdict *or the like.* The courts have had the arduous task of trying to inspect each and every motion for reconsideration which is filed in the trial court after a final judgment, and try to

decipher form over substance. This is a costly procedure, both financially and in manual labor, which, as in the present cause, results in a procedural morass which clouds the merits. Complications concerning the timeliness of appeal and whether the Court of Appeals is vested with jurisdiction when a motion for reconsideration is filed after a final judgment *can and should be avoided.* See Judge Krenzler's concurring opinion in *North Royalton Edn. Assn. v. Bd. of Edn.* (1974), 41 Ohio App. 2d 209, at 251." (Emphasis added.)

Furthermore, the strong language of *Pitts* unequivocally holds based upon sound reasoning as follows: *** "*[W]e hold* that the motion for reconsideration of the May 24 ruling will not lie and *all judgments or final orders from said motion are a nullity.*" (Emphasis added.) *Pitts, supra* at 381.

Plaintiff did not seek relief pursuant to Civ. R. 60(B) or request the trial court "vacate" the June 21, 1988 orders; therefore, it was *not* a motion for relief from judgment regardless of the attached affidavit. *See Bond v. Airway Development Corp.* (1978), 54 Ohio St. 2d 363, 364.

Assume, *arguendo*, plaintiff had filed a Civ. R. 60(B) motion which fully comported with the requirements of the rule as interpreted by *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146, the defendants, as the losing parties, could have appealed the granting of that motion. The trial court not only attempted to create a silk purse from a sow's ear by manufacturing a non-existent Civ. R. 60(B) motion from an invalid motion for reconsideration, but also then ruled on said motion and deprived both plaintiff and defendants of their due process rights by concomitantly vacating the previous summary judgment leaving neither party with a final appealable order. This act deprived defendants of their right to respond to the pseudo Civ. R. 60(B) motion, thus denying them rights without due process of law. *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St. 3d 80, paragraph one of the syllabus.

In *Stuart v. Stuart* (Jan. 21, 1982), Cuyahoga App. No. 43515, unreported, this court dismissed an appeal in which the trial court treated a motion for reconsideration as a Civ. R. 60(B) motion. The majority in *Stuart* stated, "the motion for reconsideration filed in the instant case was *clearly not a motion for relief from judgment.*" That is precisely the

point in the case *sub judice*. The motion plaintiff filed was captioned as a "Motion for Reconsideration and Motion for Extension of Time in Which to File a Reply Brief," not a motion for relief from judgment, Civ. R. 60(B). The simple exercise of attaching an affidavit to every misguided motion at the trial level could conceivably elevate any motion to a Civ. R. 60(B) and perpetuate the interpretory difficulties the Ohio Supreme Court's decision in *Pitts* sought to avoid. The relief sought by plaintiff was merely for an extension of time, not vacation of judgment based on the criteria of Civ. R. 60(B) and *GTE, supra*.

Furthermore, the trial court's vacation of the June 21, 1988 journal entry and subsequent October 24, 1988 journalization of virtually the same order is a nullity since it flows from a motion for reconsideration after a final judgment. *Pendall, supra; Pitts, supra*.

Perhaps the issue here is philosophical. Does the practicing Ohio bar have the right to rely on the Rules of Civil Procedure and the law decided and promulgated by the Ohio Supreme Court. When the Supreme Court held as follows:

"(1) the Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after final judgment in the trial court; *Pitts supra* at syllabus one, and

"(2) therefore, based upon the foregoing, *** '[W]e hold that the motion for reconsideration *** will not lie and all judgments or final orders from said motion are a nullity;' *Pitts, supra* 378, 381;" do inferior courts have the right to overrule the Supreme Court's decision in *Pitts*?

The Supreme Court while agreeing in general with the practice of allowing a trial court broad discretion in procedural matters clearly stated in *Miller v. Lint* (1980), 62 Ohio St. 2d 209, 215 as follows:

"However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment."

All trial courts and intermediate courts of appeal are charged with accepting and enforcing the law as promulgated by the Supreme Court not changing, modifying or ignoring that law. Courts of appeal remain "bound by and must follow decisions of the Ohio Supreme Court."

*Thacker v. Board of Trustees of Ohio State Univ.* (1971), 31 Ohio App. 2d 17 at syllabus.

In summary:

On June 21, 1988 the trial court entered final judgment for defendants. Plaintiff had thirty days to file an appeal on the merits or until July 21, 1988. App. R. 4. The trial court's activity of July 13, 1988 was a nullity since the impetus for such activity was initiated by a motion for reconsideration. The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after final judgment in the trial court. *Pitts, supra* at syllabus one. The trial court based upon a motion for reconsideration granted a pseudo Civ. R. 60(B) motion vacating the final judgment of June 21, 1988 which the trial court had no jurisdiction to do. Even if the trial court had the authority to transmute the motion for reconsideration into a valid Civ. R. 60(B) motion, the trial court deprived defendants of due process since it failed to give defendants an opportunity to respond to the Civ. R. 60(B) motion before granting it. Although the filing of a Civ. R. 60(B) motion does not extend the time for appeal, a grant or denial of a genuine Civ. R. 60(B) motion is a final appealable order. *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146, 150; *Bourque v. Bourque* (1986), 34 Ohio App. 3d 284. However, in the case *sub judice*, the Civ. R. 60 (B) motion emanated from a motion for reconsideration filed after final judgment. Such motion does not lie and "all judgments or final orders from said judgment are a nullity." *Pitts, supra* at 381. Since the grant of the pseudo Civ. R. 60(B) motion was a nullity, defendant once again was deprived of due process since it could not appeal from an invalid or null order.

Defendants herein were deprived of due process of law on two separate occasions *viz*., (1) defendants-appellees were not given the right to respond to the pseudo Civ. R. 60(B) motion which the trial court created from the motion for reconsideration; and (2) defendants-appellees were precluded from appealing the granting of the invalid Civ. R. 60(B) motion which the trial court created from the motion for reconsideration. Since the plaintiff initiated the action which gave the trial court the opportunity to compound and perpetuate plaintiff's error, plaintiff should suffer the consequences, not defendants who were innocent of any wrongdoing and who relied on the law as promulgated

by the Supreme Court and the Rules of Civil Procedure.

Plaintiff-appellant Conrail's appeal was untimely based upon their own initial and erroneous filing of a motion for reconsideration after final judgment that was a nullity not contemplated by the civil rules and, hence, did not suspend the time to file a notice of appeal. Accordingly, the only valid final appealable order entered by the trial court was the order dated June 21, 1988, all orders entered thereafter by the trial court were invalid and a nullity. Since plaintiff filed its notice of appeal one hundred forty-nine days after the only valid final appealable order, the court in the case *sub judice* is without jurisdiction to entertain Conrail's appeal on the merits. *Pitts, supra; Bosco, supra*; App. R. 4(A).

Accordingly defendants' motion to dismiss the appeal is granted. Appeal dismissed.

It is ordered that appellees recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATTON, C.J., concurs.

### APPENDIX

I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT PLAINTIFF-APPELLANT WAS NOT A "PROTECTED PERSON" UNDER THE ST. PAUL LIABILITY POLICY, AND ERRED IN FAILING TO FIND THAT COVERAGE EXTENDED TO PLAINTIFF-APPELLANTS LOSS.

II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE INDEMNITY AGREEMENT WAS AMBIGUOUS, AND IN FAILING TO ENFORCE THE INDEMNITY AGREEMENT BETWEEN APPELLANT AND THE CONTRACTOR-APPELLEES.

---

[1] Conrail assigned two errors for review which are included in the appendix but not addressed since this court lacks jurisdiction to entertain this appeal.

[2] App. R. 4(A) as amended July 1, 1985 and 1989 provides the thirty-day time limit to file an appeal is suspended by the filing of (1) a Civ. R. 59 motion for new trial (2) motion for judgment n.o.v. pursuant to Civ. R. 50

(3) a motion to vacate a referee's report under Civ. R. 53(E) (7) or Juv. R. 40(D) (7), or (4) motion for findings of fact or conclusions of law, Civ. R. 52.

NAHRA, J., dissenting.

In this case the defendants filed a motion for summary judgment and a response to plaintiff's motion for summary judgment without serving the plaintiff. The Civil Rules require the obvious: that service shall be made on the opposing party. Not knowing there had been a failure of service, and thus no response, the court denied plaintiff's summary judgment motion and granted defendants' motion for summary judgment. When the court became aware of this fact through the plaintiff's attorney's affidavit (which has not even to this date been contested) the court did the right thing and vacated its judgment. This was not an accommodation entry as there was yet time for appeal. *Cf. McCue v. Insurance Co.* (1975), 61 Ohio App. 2d 101, 399 N.E.2d 127. In fact, when plaintiff filed its Motion for Reconsideration, it is apparent from the substance of the motion and counsel's affidavit that plaintiff was responding to what it believed was an interlocutory order, *i.e.*, a ruling which denied its summary judgment motion only. Under these circumstances, a motion for reconsideration is the proper procedural vehicle to challenge an interlocutory order. *Pitts*, 67 Ohio St. 2d 378, 379 n.1. It is clear to me that plaintiff was not attempting to circumvent any rules of procedure or making any inept attempt to toll its time for appeal -- plaintiff still had time to appeal. However, *counsel lost all opportunity to institute a timely appeal* when the trial court construed plaintiff's motion as a Civ. R. 60(B) motion and *vacated its judgment within plaintiff's thirty-day appeal period*. This is the action that makes this case distinguishable from those cases cited by the majority.

After the court vacated its judgment, each side vigorously litigated the case on the merits and the trial court decided the case on the merits. An appeal was taken to this court and both sides fully briefed the merits of the case. Shortly before oral argument in this court, after the matter had been pending for over a year, defendants filed a motion to dismiss the appeal as untimely filed. By granting this motion our court is denying the *plaintiff* a decision on the merits of this case when it was *defendants* who failed to serve the plaintiff. This result shocks the conscience. Moreover, as the majority itself

states, once the trial court vacated its original entry of summary judgment, there was no order for either side to appeal. Yet by dismissing plaintiff's appeal now, our court is saying plaintiff should have appealed the order that was vacated.

No authority exists of which I am aware which prohibits a trial court from construing a motion for reconsideration as a Civ. R. 60(B) motion when, in substance, the reconsideration motion meets 60(B) requirements. *Cf. William W. Bond, Jr. and Associates v. Airway Development Corp.* (1978), 54 Ohio St. 2d 363, 377 N.E.2d 988; *Kauder v. Kauder* (1974), 38 Ohio St. 2d 265, 313 N.E.2d 797. In fact, this court has intimated the contrary. *See Berk v. Kronenberg* (Mar. 9, 1989), Cuyahoga App. No. 56171, unreported; *Sakian v. Taylor* (1984), 18 Ohio App. 3d 62, 64, 480 N.E.2d 822; *Stuart v. Stuart* (Jan. 21, 1982), Cuyahoga App. No. 43515, unreported.

In *Stuart*, this court stated that:

"The strong language of *Pitts* would indicate that a motion for reconsideration could not be treated by the trial court as any other motion, including a Civ. R. 60(B) motion. On the other hand, since a Civ. R. 60(B) motion, unlike a motion for new trial or motion for judgment notwithstanding the verdict, does not extend the time for filing a notice of appeal under App. R. 4(A), the considerations which apparently led the court to decide as it did in *Pitts* may not apply with the same force where a court treats a motion for reconsideration as a Civ. R. 60(B) motion.

"We need not decide that issue, however, because the notion for reconsideration filed in the instant case was clearly not a motion for relief from judgment. It did not contain the necessary prerequisites for a valid Civ. R. 60(B) motion. Plaintiff raised the identical grounds in this motion as in her prior objections to the referee's report. She submitted no supporting affidavit or other material with the motion and produced no evidence at the hearing on the motion which would suggest that matters not previously considered and determined by the court were being raised.

"The court had before it only that which was in substance as well as in form a motion for reconsideration." *Stuart*, Cuyahoga App. No. 43515, slip op. at 3.

Unlike the motion for reconsideration in *Stuart*, plaintiff's motion in substance easily could be construed as requesting vacation of the summary judgment, especially with the knowledge the trial court had at the time it considered plaintiff's motion. The court knew, based on counsel's uncontested allegations, that it rendered a judgment without plaintiff having been afforded the most basic due process. Plaintiff's motion did not argue the merits of the court's ruling against it, and did contain an affidavit with sworn allegations of the failure of service of a dispositive motion and opposition brief. In substance, Conrail's motion fulfilled the requirements of Civ. R. 60(B)(1) or (5), was timely, and sought the opportunity to present its claim. Even though plaintiff's motion carried a different label, the trial court recognized it for what it could have been in substance under the circumstances, stated so in its order, and granted Civ. R. 60(B) relief.[1] Since no authority exists prohibiting the trial court's action, I see no error or abuse of discretion, especially on the facts of this case, with the court's attempt to do justice.

Because the trial court properly considered Conrail's motion as a Civ. R. 60(B) motion for relief from judgment, any order resulting therefrom would *not* be null and void. Thus, although a Civ. R. 60(B) motion will not toll the time for appeal, *see* App. R. 4(A); Civ. R. 60(B); *Blasco v. Mislik* (1982), 69 Ohio St. 2d 684, 433 N.E.2d 612, when the trial court vacated its June 21, 1988, judgment, no final order was left from which Conrail could have appealed. If Conrail's motion had been denied, or if a ruling had not been made prior to the expiration of its appeal period, Conrail would have had a final order from which to appeal and would have had time left to appeal. By granting defendants' motion to dismiss plaintiff's appeal under these circumstances, Conrail is denied due process of law. *See generally Gaeta v. Cleveland* (1988), 39 Ohio St. 3d 338, 530 N.E.2d 1316; *Atkinson v. Grumman* (1988), 37 Ohio St. 3d 80, 523 N.E.2d 851.

Obviously it would have been better for plaintiff to have styled its motion otherwise. However, the trial court recognized the manifest injustice, vacated its order, and the parties, without objection, proceeded to address the merits of the controversy. By dismissing plaintiff's appeal, I am afraid this court is reinstating the manifest injustice and rewarding the parties who first violated the clear mandate of the Civil Rules that service *shall* be made on the opposing party. The majority's focus on the violation of *defendants* rights and on all the

errors claimed to have been made by the trial court is in my opinion grossly misdirected. This case should be decided on the merits and not dismissed.

---

[1] Technically, I agree a trial court should give notice to the parties of its intention to *sua sponte* convert a motion into any dispositive motion. In this case I would find such omission harmless since Forest Cartage never contested Conrail's sworn allegation below, which was the basis of the court's ruling vacating its judgment, never objected to the court's action below or by way of appeal, and never alleged prejudice at any time below. In fact, Forest Cartage continued participating in the action below on its merits, even though it had no guarantee the court would rule in its favor again.