OPINION
Plaintiff-appellant, Brenda J. Hodges, appeals a decision and decree of divorce entered by the Domestic Relations Division of the Butler County Court of Common Pleas.
Appellant and defendant-appellee, Ronnie D. Hodges, were married on January 5, 1994, approximately six weeks after they first met. At the time of their courtship and marriage, appellee, an employee of General Electric, was in the process of starting a sideline business, known variously as "ABC," "Quality Connections Hotline," and "Contractor Hotline," the purpose of which was to furnish referrals for service providers in the construction industry. Appellee initially funded the business with a loan of approximately $13,000 which he obtained from refinancing his home. By February 1994, appellee had spent the $13,000 and the business was not generating any income. In addition, appellee's personal financial situation "wasn't very good." He was behind on credit card payments, car payments and payments on a land-contract. In February 1994, appellant refinanced her home, withdrew $15,000 in equity, and lent appellee approximately $13,500 to invest in the business. Appellee used most of the money to pay off his personal debts. By July 1994, appellee's business had failed and appellee filed for bankruptcy. On December 20, 1994, appellant filed a complaint for divorce.
A hearing on all contested issues, including whether appellee's $15,000 debt was dischargeable in bankruptcy, was held in domestic relations division of the Butler County Court of Common Pleas on November 29, 1995, and continued to February 15, 1996. At the hearing before the trial court, appellant testified that appellee told her he would reaffirm the debt he owed her at the bankruptcy proceeding and that he would repay the loan. But, the record indicates, appellee did not reaffirm the debt. Instead, he received a discharge in bankruptcy of his debt to appellant in the amount of $15,000. Appellant then filed this appeal.
Appellant presents the following two assignments of error for review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN NOT FINDING THE DEFENDANT RESPONSIBLE TO PLAINTIFF FOR THE FIFTEEN THOUSAND DOLLAR LOAN THAT PLAINTIFF ASSISTED DEFENDANT IN PROCURING ON THE BASIS OF DEFENDANT'S FRAUDULENT CONDUCT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE NON-DISCHARGABILITY OF DEFENDANT'S DEBT TO PLAINTIFF UNDER 11 U.S.C. § 523(a)(2) BECAUSE OF DEFENDANT'S FRAUDULENT CONDUCT.
Appellant argues that appellee fraudulently induced her to loan him the $15,000, therefore, the trial court erred by failing to find appellant's debt to appellee not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2).11 U.S.C. Section 523(a)(2) states:
 A discharge * * * does not discharge an individual debtor from any debt —
 (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by —
 (A) false pretenses, a false representation, or actual fraud, * * *
We begin by observing that appellant did not raise this argument below.[1] Although appellant did file a motion for reconsideration with the trial court in which she argued that the trial court's order was "unjust" for failing to consider the "nondischargability of Defendant's debt to the Plaintiff under11 U.S.C. § 523(a)(2) because of Defendants [sic] fraudulent acts," we do not consider those arguments as having been properly before the trial court. In the trial court, motions for reconsideration after a final judgment and all judgments or final orders from them are a "nullity not contemplated by the civil rules." Pitts v. Ohio Dept. of Transportation (1981), 67 Ohio St.2d 378,381; Consolidated Rail Corp. v. Forest Carthage Co. (1990), 68 Ohio App.3d 333, 338.
An appellate court will not consider as error an issue that is raised for the first time on appeal. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Thus, a party waives the right to raise an issue on appeal if the issue existed at the time of trial and the party did not raise it at the appropriate time in the lower court. State v. Awan (1986), 22 Ohio St.3d 120, 123.
Because appellant failed to raise the issue of whether the debt was dischargeable under 11 U.S.C. § 523(a)(2) before the trial court, she has waived any error on appeal. Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Appellant did argue that the debt was not dischargeable. However, the basis for his argument appears to have been that the debt was incurred in the course of divorce or separation. See11 U.S.C. § 523(a)(15).