Defendant-appellant Joseph T. Inge has attempted to appeal from a judgment of the Lorain County Common Pleas Court that granted his motion for reconsideration, reconsidered its determination of defendant as a sexual predator, and again found him to be a sexual predator. Defendant has raised six assignments of error. This Court dismisses defendant's attempted appeal because the judgment from which he has attempted to appeal was a nullity. Consequently, this Court has no jurisdiction to entertain this appeal.
 I.
On June 3, 1992, the Lorain County Grand Jury indicted defendant on five counts of rape, violations of Section2907.02(A)(1)(b) of the Ohio Revised Code. On July 28, 1992, defendant entered a plea of guilty to all counts. He was convicted and sentenced by the trial court.
During April 1997, the trial court held a hearing to determine whether defendant should be found to be a sexual predator. The court received evidence from a detective of the Elyria Police Department, an officer of the City of Olmstead Falls, and two of the victims. On April 16, 1997, the trial court found that defendant was a sexual predator pursuant to Section2950.09(C) of the Ohio Revised Code.
Defendant did not appeal from that judgment. Instead, on May 22, 1997, he moved the trial court to reconsider its sexual predator determination. On July 3, 1997, the trial court purported to grant defendant's motion for reconsideration. It apparently reviewed the evidence once more and found again that defendant was a sexual predator. On August 1, 1997, defendant attempted to appeal from that July 3, 1997, judgment.
 II.
Defendant has raised six assignments of error. By those assignments of error, he has challenged the effectiveness of his attorney's representation during the sexual predator hearing, has argued that the sexual predator laws are unconstitutional, and has asserted that the trial court based its finding that he was a sexual predator on insufficient evidence. This Court has no jurisdiction to address his assignments of error, however, for defendant has attempted to appeal from a void judgment. As a result, defendant cannot maintain the appeal in this case.
On April 16, 1997, the trial court found defendant to be a sexual predator. Defendant did not appeal from that finding. Instead, he filed a motion for reconsideration on May 22, 1997, asking the trial court to review the evidence and reverse its earlier finding. The trial court purported to do that on July 3, 1997.
Although the trial court claimed that it was granting defendant's motion for reconsideration, there is no rule that allows a party to move a trial court for reconsideration of a final judgment. Pitts v. Department of Transp. (1981), 67 Ohio St.2d 378,380. A request for reconsideration from a final judgment is a "nullity" and a "legal fiction" that does not suspend the time for filing a notice of appeal. State ex rel.Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58,60; Pitts, 67 Ohio St.2d at 379-381. Indeed, any judgment or order that results from a motion for reconsideration is a nullity itself. Pendell, 40 Ohio St.3d at 60. The trial court's judgment that purported to grant defendant's motion for reconsideration was, therefore, a nullity. Defendant attempted to appeal from that null judgment. As a result, this Court does not have jurisdiction to entertain his attempted appeal. See ConsolidatedRail Corp. v. Forest Cartage Co. (1990), 68 Ohio App.3d 333, 342.
At the time defendant filed his notice of appeal, the only final, appealable order from which he could have maintained an appeal was the original sexual predator determination entered April 16, 1997. An appeal from that order, however, would have been untimely. Pursuant to Rule 4(A) of the Ohio Rules of Appellate Procedure, a party must usually file a notice of appeal within thirty days of the entry of the final judgment or order. Defendant, therefore, was required to file his notice of appeal by May 16, 1997. He failed to do so, instead choosing to file a motion for reconsideration on May 22, 1997. The notice of appeal that defendant filed August 1, 1997, was, therefore, filed 77 days late. Accordingly, this Court has no jurisdiction to entertain his appeal. This case is, therefore, dismissed.
It may be argued that defendant's motion was in reality a motion for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure. This Court notes that defendant did not caption his motion as a Rule 60(B) motion, did not mention Rule 60(B) at all in the body of that motion, and did not attempt to explain how his motion met the elements for relief pursuant to Rule 60(B). This Court, therefore, will not construe defendant's motion as having been filed pursuant to Rule 60(B). SeeConsolidated Rail, 68 Ohio App.3d at 338-339, quoting Pitts,67 Ohio St.3d at 381.
 III.
Because defendant has failed to appeal from a valid judgment of the trial court, this Court has no jurisdiction to entertain this case. Consequently, this case is dismissed.
Case dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
SLABY, P. J.
CARR, J.
CONCUR