Appellants, approximately thirty women allegedly injured as a result of in utero exposure to diethylstilbestrol (hereinafter "DES"), appeal from the order of the Summit County Court of Common Pleas granting judgment on the pleadings to the Appellees, approximately thirty-one companies who manufactured or distributed DES. We affirm.
On January 24, 1997, Appellants filed a complaint against Appellees for injuries and damages resulting from the use of DES. Appellants conceded that they were unable to identify the individual defendant who manufactured the DES alleged to have caused the injuries, and their sole theory of recovery was market share liability. In light of this fact, Appellees filed motions for judgment on the pleadings pursuant to Civ.R. 12(C) and Appellants responded in opposition. On November 6, 1998, the trial court dismissed all pending claims. Appellants have timely appealed, raising one assignment of error for review.
When reviewing a Civ.R. 12(C) motion, the trial court's inquiry is restricted to the material allegations contained in the pleadings, accepting all such allegations and reasonable inferences as true. Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, 163. An appellate court will only reverse the trial court's judgment on the pleadings where the plaintiffs could prove a set of facts entitling them to relief. Weaver Sheet MetalCo. v. Akron Insulating Co. (Jan. 3, 1996), Summit App. No. 17312, unreported, at 2.
Appellants assert that the trial court erred by granting Appellees' motions for judgment on the pleadings. Appellants argue that the Supreme Court of Ohio erred when it ruled inSutowski v. Eli Lilly Co. (1998), 82 Ohio St.3d 347, that market share liability was not a viable theory of recovery in DES product liability actions. Thus, it is their position that if the Supreme Court incorrectly determined the matter of market share liability and the trial court relied upon the Supreme Court's holding, the trial court erred in dismissing Appellants' claims pursuant to Civ.R. 12(C).
All trial courts and intermediate courts of appeals are charged with accepting and enforcing the law as promulgated by the Supreme Court and are bound by and must follow the Supreme Court's decisions. World Diamond, Inc. v. Hyatt Corp. (1997) 121 Ohio App.3d 297,306, citing Consolidated Rail Corp. v. Forest CartageCo. (1990), 68 Ohio App.3d 333, 341. Courts are not to change, modify or ignore that law. Consolidated Rail, supra.
The Supreme Court of Ohio has previously held that market share liability in DES cases is not a viable theory of recovery in Ohio. Sutowski v. Eli Lilly Co., 82 Ohio St.3d at syllabus. Accordingly, the trial court was bound to follow the mandates of the Supreme Court and dismiss Appellants' claims where no legitimate grounds for recovery were pled. This court is likewise bound to follow the law as determined by the Supreme Court inSutowski. In light of this holding, Appellants have not pled any grounds upon which they could have recovered and their assignment of error is without merit. Appellants' assignment of error is overruled.
Judgment affirmed
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 LYNN C. SLABY FOR THE COURT BAIRD, P.J.
CARR, J.
CONCUR