DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Jerry W. Criss has appealed from an order of the Summit County Common Pleas Court that adjudicated him a sexual predator. This Court affirms.
 I.
On April 2, 1986, Defendant was indicted on one count of rape, a violation of R.C. 2907.02(A)(3), and one count of gross sexual imposition with a physical harm specification, a violation of R.C. 2907.05(A)(3) and 2941.143. Subsequently, Defendant pled no contest to two charges of gross sexual imposition, with physical harm specifications. Defendant was sentenced to two to ten years; however, his sentence was suspended and he was placed on probation for three years.
On September 19, 1988, Defendant violated his probation and the court re-imposed his original sentence. Prior to his release, the department of rehabilitation and correction recommended that Defendant be adjudicated a sexual predator pursuant to R.C.2950.09(C). On August 20, 1998, the trial court held a sexual predator hearing. At the conclusion of the hearing, the trial court adjudicated Defendant a sexual predator. Defendant timely appealed that determination, raising four assignments of error.
 II. A.
Assignment of Error I
 The court erred in finding by clear and convincing evidence that defendant is a sexual predator in that the record is void of sufficient information or factors pursuant to statute to enable such a finding.
Assignment of Error III
 The court in its conclusions in the transcript was erroneous in its findings as they were not supported by evidence nor found to be pursuant to 2950(B) (sic) as required.
Because they are related, this Court will address Defendant's first and third assignments of error together. In his first assignment of error, Defendant has essentially argued that there was insufficient evidence to support the trial court's determination that he is likely to commit a sexually oriented offense in the future. In his third assignment of error, Defendant has asserted that the trial court erred by failing to consider the strength of the case and by failing to articulate the basis for its decision. His arguments are without merit.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(G)(3), an offender is "adjudicated as being a sexual predator" if:
 [p]rior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
Because Defendant was sentenced prior to the effective date of this section and remained imprisoned after the effective date of this section, the trial court was required to proceed under division (C) of R.C. 2950.09.
R.C. 2950.09(C)(1) requires the department of rehabilitation and correction to determine whether to recommend that an offender be adjudicated to be a sexual predator and to submit that recommendation to the trial court that sentenced the offender. R.C. 2950.09(C)(2) authorizes the trial court to hold a hearing as described in R.C. 2950.09(B)(1) to determine whether the offender is a sexual predator.
The factors that a trial court must consider when making its sexual predator determination include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has completed his sentence for any prior criminal conviction or, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty or made one or more threats of cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct. See R.C. 2950.09(B)(2). The State is not required to demonstrate every factor in R.C. 2950.09(B)(2) before a defendant can be adjudicated a sexual predator. State v. Smith
(June 2, 1999), Summit App. No. 18622, unreported, at 5. Gross sexual imposition is a sexually oriented offense. R.C.2950.01(D)(1). The only issue, therefore, is whether there was clear and convincing evidence that Defendant was likely to engage in the future in a sexually oriented offense.
Defendant plead no contest to two counts of gross sexual imposition. Pursuant to Crim.R. 11(B), "[t]he plea of no contest * * * is an admission of the truth of the facts alleged in the indictment * * *." Defendant, by pleading no contest, admitted that he committed two counts of gross sexual imposition, with physical harm specifications. Additionally, the State presented evidence that there were two victims in this case. The first victim was Defendant's stepdaughter Misty, who was approximately seven years old. Four years later, he victimized his daughter Nicole, who was approximately age five.
Misty stated that, on between eight to ten occasions, Defendant had "put his mouth on her front private parts, he touched her between her legs and he would lick his fingers and make a strange noise after he touched her." Nicole indicated on a doll that Defendant had touched her between her legs on more than one occasion. Further, Defendant threatened to give Nicole a "whooping" if she told her mother. Finally, the State presented evidence that Defendant had previously been convicted of grand theft, "alcohol in the park", and a probation violation.
The state presented evidence of several of the factors of R.C. 2950.09(B)(2). The trial court could reasonably conclude from that evidence that Defendant was likely to engage in the future in one or more sexually oriented offenses. Accordingly, the trial court did not err by adjudicating Defendant a sexual predator. Defendant's first assignment of error is overruled.
As for his third assignment of error, Defendant has essentially asserted that the trial court failed to consider the appropriate factors in determining whether he should be adjudicated a sexual predator. Defendant's argument is without merit. The trial court made the following statement at the hearing:
 Let me state for the record that in my perusal of House Bill 180 and its following codification in the Code, I see no place in there where I may take into consideration whether the case was a strong case or whether the case was a weak case, whether the case was a guilty plea or a no contest plea or a jury trial or a bench trial. It merely says a conviction. In this case we have a conviction.
The trial court then went on to look at the factors set forth in of R.C. 2950.09(B)(2). Specifically the court noted the age of the victims, the fact that there were multiple victims and that Defendant had a prior criminal record. The trial court did, therefore, consider the proper factors. Accordingly, Defendant's third assignment of error is overruled.
 B.
Assignment of Error II
 The court erred in allowing the heresy (sic) testimony of the only witness at the determination hearing in that said hearsay was so unreliable that it was prejudicial to the defendant and in violation of Evidence Rule 101(C).
In his second assignment of error, Defendant has asserted that the trial court erred in allowing a detective who had nothing to do with the investigation in this matter to testify after reviewing the incident report and the detective's report of the investigation. This Court disagrees.
The evidence offered by the State in the instant case was the testimony of Sergeant Jerry Hughes, a supervisor in the Detective Unit. Although Sergeant Hughes was not personally involved in the investigation, prior to testifying at the hearing, he reviewed the incident report and the detective's report of the investigation. This Court, therefore, must determine the admissibility of Sergeant Hughes' statements setting forth the contents of the reports.
In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Supreme Court of Ohio held that "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Based on the rationale ofCook, Ohio appellate courts have held that hearsay statements made by prosecutors during sexual predator hearings are admissible. In State v. Ritchey (Mar. 23, 1999), Columbiana App. No. 97-CO-44, unreported, 1999 Ohio App. LEXIS 1185, at *6, the defendant argued that the trial court improperly "relied on the arguments of counsel in making its determination." The Ritchey
court rejected this assertion, holding that "the trial court may rely upon the arguments or statements of counsel to the extent that they illustrate the existence or non-existence of the enumerated statutory factors." Id. at *9. Similarly, in State v.Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, 1999 Ohio App. LEXIS 4039, the prosecution only presented one witness at the sexual predator hearing — the prosecutor who had originally prosecuted the defendant for the underlying sex offenses. The former prosecutor testified in detail about one of the offenses, described the victim's emotional and physical well being, and testified about several of the defendant's past convictions for non-sexual offenses. Despite noting that "the better practice would have been for the State to have relied upon some evidence other than the testimony of the former prosecuting attorney," theMarker court concluded that the former prosecutor's testimony was sufficiently reliable to be admitted into evidence. Id. at *4. See, also, State v. Warner (Apr. 20, 1998), Butler App. No. CA97-03-064, unreported, 1998 Ohio App. LEXIS 1669, at *8 (noting that, because the sexual predator statutes explicitly permit a prosecutor to testify, "the use of hearsay evidence was clearly contemplated by the statutory procedures"). Therefore, it was proper for the trial court to permit Sergeant Hughes to describe Defendant's sexual offenses based on the details contained in the incident report and the detective's report of the investigation.
Additionally, it has been held that "it is not per se
prejudicial error for a trial court to base its [sexual predator] determination upon evidence which could not be cross-examined."State v. Bailey (July 15, 1999), Franklin App. No. 98AP-1132, unreported, 1999 Ohio App. LEXIS 3353, at *9-10. "[T]he offender has the opportunity to attack evidence that contains statements not subject to cross-examination, has the opportunity to call his or her own witnesses, present his or her own evidence, and counter any erroneous information presented by the state." Id. at *10. See, also, State v. Hargis (Feb. 11, 1999), Cuyahoga App. No. 72540, unreported, 1999 Ohio App. LEXIS 434, at *3 (holding that the admission of a pre-sentence investigation report does not deny a sexual predator the right to confront the witnesses against him or her because "[t]he offender has the opportunity to present his own evidence and counter any erroneous information in the pre-sentence report."). In that regard, it should be noted that Defendant did cross-examine Sergeant Hughes as to the content of the reports.
Although the instant case is clearly not a model example of a sexual predator hearing, Sergeant Hughes' statements were sufficiently reliable to constitute admissible evidence. Accordingly, Defendant's second assignment of error is overruled.
 C.
Assignment of Error IV
 Applying "Megan's Law," A.M.SUB.H.B. No. 180, 146 Ohio Laws, Part II, 2560 (Effective date January 1, 1997), I.E. Sections 2950 Et Seq, to those convicted under prior law violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause in Section 28, Article II of the Ohio Constitution as well as Section 1, Article I of the Ohio Constitution. Thus [Defendant] was denied his constitutional rights and denied Equal Protection when he was required to register in that the community notification provisions needlessly infringe on the rights of an individual with such a label.
In his fourth assignment of error, Defendant has asserted that Chapter 2950 violates the Ex Post Facto Clause of the United States Constitution, the Retroactivity Clause in Section 28, Article II of the Ohio Constitution, and Section 1 Article I of the Ohio Constitution. Defendant has acknowledged that the Ohio Supreme Court recently held that R.C. 2950.09(B)(1) as applied to conduct prior to the effective date of the statute does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. State v. Cook
(1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. He has asserted, however, that the Supreme Court's rational is in error.
As to Defendant's ex post facto and retroactivity arguments, this Court declines his invitation to ignore the Supreme Court's holding in Cook. All trial courts and intermediate courts of appeals are charged with accepting and enforcing the law as promulgated by the Supreme Court and are bound by and must follow the Supreme Court's decisions. World Diamond, Inc. v. Hyatt Corp.
(1997) 121 Ohio App.3d 297, 306, citing Consol. Rail Corp. v.Forest Cartage Co. (1990), 68 Ohio App.3d 333, 341. Courts are not to change, modify or ignore that law. Consol. Rail,68 Ohio App. 3d at 341. Accordingly, Defendant's ex post facto and retroactivity arguments are without merit.
In support of his assertion that the sexual predator legislation is unconstitutional pursuant to Section 1, Article I
of the Ohio Constitution, he has relied on State v. Williams (Jan 29, 1999), Lake App. No. 97-L-191, unreported, 1999 Ohio App. LEXIS 217, discretionary appeal granted (1999), 86 Ohio St.3d 1406. In Williams, the Eleventh District Court of Appeals held that R.C. Chapter 2950 violated Section 1 Article I of the Ohio Constitution. Id. at *3. In that case, the court classified R.C. Chapter 2950 as an exercise of the state's police power. Id. at *8-9, citing Cook, 83 Ohio St.3d at 417.
The court then considered its constitutionality under the two-part test set forth in Benjamin v. Columbus (1957), 167 Ohio St. 103, paragraph five of the syllabus. Pursuant to Benjamin, an exercise of police power is valid if "it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary." Benjamin, 167 Ohio St. at paragraph five of the syllabus. Although the Williams court found that the language inCook supported a finding that the chapter met the first prong of that test and agreed with that finding, the court found that Cook
did not address the second prong of the test.
In determining whether R.C. Chapter 2950 was reasonable, theWilliams court applied the reasonableness test for police power legislation set forth in Froelich v. Cleveland (1919), 99 Ohio St. 376, paragraph three of the syllabus. In Froelich, the Supreme Court held that:
 [N]either the state nor a municipality may make any regulations which are unreasonable. The means adopted must be suitable to the end in view, must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation.
Id. The Williams court declared that R.C. Chapter 2950 was facially unconstitutional because it unreasonably interfered with the rights of individuals beyond the necessities of the situation and was unduly oppressive. Williams, supra, at *15. The court further held that the unconstitutional portions of R.C. Chapter 2950 were so connected with the general scope of the chapter that striking them would fundamentally disrupt the statutory scheme; therefore, the entire chapter as applied to sexual predators was void in its entirety. Id. at *31-32.
The Twelfth District Court of Appeals has reached the opposite conclusion. State v. Dickens (Aug. 2, 1999), Clermont App. No. CA98-09-075, unreported, 1999 Ohio App. LEXIS 3525. InDickens, the court noted that, although the Cook opinion did not address the second prong of the Benjamin test, the language of that decision strongly suggested that the statute was a reasonable exercise of police power. Id. at *9. After analyzing the statute under the second prong of the Benjamin test, the Dickens
court concluded that the statute did not violate Section 1 ArticleI of the Ohio Constitution. Id. at *16-17. Other appellate districts have also expressly declined to follow Williams. SeeState v. Bolster (Sept. 20, 1999), Stark App. No. 1998CA00136, unreported, 1999 Ohio App. LEXIS 4336, at *9-10; State v. Lower
(Sept. 9, 1999), Franklin App. No. 98AP-1275, unreported, 1999 Ohio App. LEXIS 4176, at *18; State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, 1999 Ohio App. LEXIS 4039, at *9; State v. Woodburn (March 23, 1999), Columbiana App No. 98 CO 6, unreported, 1999 Ohio App. LEXIS 1201, at *18-19.
This Court agrees with the Dickens court that the R.C. Chapter 2950 is not an unreasonable or arbitrary infringement upon privacy rights, nor is it unduly oppressive upon individuals. Accordingly, this Court concludes that R.C. Chapter 2950 constitutes a valid use of the state's police power and, therefore, does not violate Section 1, Article I of the Ohio Constitution. Defendant's fourth assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE, FOR THE COURT
CARR, P.J. and BATCHELDER, J. CONCUR