OPINION
Defendant-appellant Randy Williams appeals the December 16, 1999, and the January 6, 2000, Judgment Entry of the Licking County Municipal Court granting judgment in favor of plaintiff-appellee Betty M. Lovelace and the denial of appellant's Motion to Reconsider.
 STATEMENT OF THE FACTS AND CASE
On April 5, 1999, Betty Lovelace instituted this action against Randy Williams alleging that Williams sold Lovelace an automobile, which Williams claimed was in excellent running condition. Subsequently, Lovelace discovered that the automobile was in poor working condition and claimed that it stopped working all together after two days. On April 16, 1999, Williams filed a Counterclaim alleging that Lovelace agreed to purchase four custom chrome mag wheels for the vehicle and that no payment had been received.
The case was heard before a Magistrate on July 14, 1999. The Magistrate found in favor of Lovelace, awarding the sum of $2,000.00. As to Williams' Counterclaim, the Magistrate found that Williams was entitled to a judgment of $1,000.00.
On July 26, 1999, Williams filed an objection to the Referee's Report. Williams claimed that the Magistrate did not allow him to present his defense nor any witness. Based upon those objections, the trial court remanded the matter to the Magistrate for further hearing from both parties to permit a full and complete presentation of evidence.The matter was heard on remand by the Magistrate on October 20, 1999. At that hearing, additional evidence was presented. Based upon the additional evidence and the evidence presented at the prior hearing, the Magistrate reaffirmed the decision as set forth in the July 21, 1999, Judgment Entry.
Williams filed objections to the Magistrate's Decision again. Upon review of the transcript of the proceedings, the Magistrate's Decision, the Objections of the parties and the law, the trial court found the Magistrate's Decision to be well taken. Therefore, in a Judgment Entry filed December 16, 1999, the trial court adopted the Magistrate's Decision and awarded judgment in favor of Lovelace and against Williams in the amount of $1,000.00 plus interest from the date of the judgment. On December 20, 1999, Williams filed a pleading captioned "Response to Judgment Entry Motion by Defendant". The trial court accepted the pleading as a Motion for Reconsideration. That Motion for Reconsideration was denied in a January 6, 2000, Judgment Entry. On January 7, 2000, Williams filed a pleading which requested a clarification of the prior Judgment Entries filed by the trial court. The trial court denied Williams' request for a hearing and further stated that should the pleading be construed as a Motion for Reconsideration of Prior Rulings, the motion was also denied.
On February 3, 2000, Williams filed a Notice of Appeal. The Notice of Appeal indicated that Williams was appealing the January 6, 2000, Judgment Entry of the Licking County Municipal County Municipal Court, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT COMMITTED ERROR WHEN IT ALLOWED THE TESTIMONY OF MIKE NELSON A SELF PROCLAIM [SIC] MECHANIC WITH A SHOP AT THIS HOME.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT COMMITTED ERROR WHEN IT PREVENTED APPELLATE [SIC] FROM PRESENTING HIS CASE.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT COMMITTED ERROR WHEN THE MAGISTRATE STATED THAT THE APPELLATE [SIC] WAS WINNING THE CASE.
 ASSIGNMENT OF ERROR IV
 THE TRIAL COURTS [SIC] JUDGMENT AND DECISION IS AGAINST THE WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
App.R. 4(A) requires an appeal be filed within 30 days after the entry of a final judgment or order. This time requirement is jurisdictional and may not be extended except for reasons contained in App.R. 4(A) which are not applicable herein.
The trial court's order of December 16, 1999, which overruled Williams' objections to the Magistrate's Decision and adopted the Magistrate's Decision was a final appealable order. While appellant filed a Motion for Reconsideration, such a motion does not suspend the 30 days in which an appellant must file a timely appeal. See App.R. 4(A). Therefore, on December 16, 1999, Williams had an appealable order and if dissatisfied with the trial court's decision, appellant had only until January 17, 2000, to file a timely Notice of Appeal. The Notice of Appeal filed February 3, 2000, is out of rule.
A Motion for Reconsideration does not extend the time for filing a Notice of Appeal. Consolidated Rail Corp. v. ForestCartage Co. (1990), 68 Ohio App.3d 333, 338, 588 N.E.2d 263.
Therefore, we find that because the Notice of Appeal was not timely filed, we are without jurisdiction in this matter. Accordingly appellant's appeal is dismissed.
By Reader, V.J., Hoffman, P.J. and Wise, J. concurs
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, appellant's appeal is dismissed. Costs to appellant.