Appellant Mark Sahr appeals the decision of the Licking County Municipal Court, which denied his motion for relief from judgment. The relevant facts leading to this appeal are as follows. On October 19, 1999, Appellee Jenny Eppley filed a small claims action in the Licking County Municipal Court, alleging that appellant, her former boyfriend, owed her the sum of $2476.94 for unpaid rent, car payments, and charges on a Sears credit card. Appellee's claim was set for hearing on January 20, 2000. Appellant failed to appear, and the court entered judgment for appellee. Appellant quickly thereafter sent a pro se letter to the court, stating that adverse weather conditions had prevented his appearance. The court accepted his excuse, and reset the matter for March 2, 2000. For reasons not clear in the record, the court again reset the hearing for March 21, 2000. However, appellant purportedly misplaced the notice of hearing, and again failed to appear. The trial court then entered a default judgment against appellant on March 24, 2000. Appellee thereafter initiated garnish proceedings. Appellant wisely decided at that point to seek the advice of legal counsel. He obtained an attorney, and with his assistance filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) through (5) on May 22, 2000. Nonetheless, the trial court entered a judgment entry on June 1, 2000, denying appellant's motion for relief from judgment. Appellant timely appealed, and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT AGAINST DEFENDANT-APPELLANT, THEN DENYING DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM THAT DEFAULT JUDGMENT.
We first address appellant's challenge to the March 24, 2000 default judgment. The Ohio Supreme Court has made clear that a "[m]otion for relief from judgment cannot be used as substitute for timely appeal or as means to extend time for perfecting appeal from original judgment." Key v. Mitchell (1998), 81 Ohio St.3d 89, syllabus. The Court has also declared: Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment.
State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 193.
Appellant did not timely appeal the original default judgment. Hence, our review must be focused instead on the trial court's June 1, 2000 denial of relief from said judgment. Generally, a grant or denial of a genuine Civ.R. 60(B) motion is a final appealable order. Consolidated Rail Corp. v. Forest Cartage Co. (1990), 68 Ohio App.3d 333, 341, citing GTE Automatic Electric v. ARC Industries (1985), 47 Ohio St.2d 146. A motion for relief from judgment is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. In re Jane Doe One (1991), 57 Ohio St.3d 135, 137. In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389, 391, citing GTE at paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. "If the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97. It is based upon this standard that we review appellant's assignment of error. In his affidavit in support of his motion to vacate, appellant avers, inter alia, that he did not agree to pay half of any rent, that many of the items charged on the credit card are Eppley's personal clothing, and that his 1999 Chapter 7 bankruptcy discharge would preclude recovery by Eppley. We thus face two competing judicial goals under the facts and procedural history of this case. In Knapp v. Knapp (1986), 24 Ohio St.3d 141, 144-145, the Ohio Supreme Court declared, "[f]inality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes." On the other hand, we are also cognizant of the Supreme Court's well-established principle that where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. GTE, supra, at paragraph three of the syllabus. See, also, Martin v. Todt, (Sept. 20, 1999), Stark App. No. 1999CA00144, unreported. Of further concern is the fact that appellee has not filed a brief opposing this appeal. Appellate Rule 18(C) states in pertinent part: If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain the action.
The crux of our analysis is therefore whether appellant's brief reasonably appears to sustain that he "is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)." GTE, supra. He seeks initially to rely on the "excusable neglect" grounds of Civ.R. 60(B)(1), asserting that he inadvertently misplaced the notice of the hearing date and date. However, such calendar-related errors are frequently met with disdain by reviewing courts, as in the following example from the Franklin County Court of Appeals: On February 10, 1995, appellee filed a motion for relief from judgment claiming the original attorney had been hospitalized on the trial date and his office failed to continue the trial. * * *.
 * * *
The failure of appellee's attorney to appear at trial was not the result of his hospitalization, which would be excusable neglect, but resulted from his failure to list the trial date on his calendar so that his office did not know to request a continuance. This is simply inexcusable neglect and not an extraordinary circumstance.
Pool Man, Inc. v. Rea (Oct. 17, 1995), Franklin App. No. 95APG04-438, unreported, at 7.
More compelling is appellant's claim that appellee's suit is legally blocked by appellant's discharge pursuant to Section 727, Title 11, U.S. Code, in the United States Bankruptcy Court, Southern District of Ohio. A copy of the discharge order, dated July 28, 1999, is attached to his motion for relief from judgment. Without the necessity of definitively ruling on the validity of appellant's discharge claim, we find appellant has presented us with sufficient documentation from the record regarding his potential Chapter 7 defense to reasonably support a rehearing of this lawsuit pursuant to Civ.R. 60(B)(4). Under the circumstances of this case, and in the absence of any response by appellee, appellants' brief reasonably appears to sustain reversal of the trial court's entry denying relief from judgment. See, e.g., Lewis v. William Cundiff and Pizza Rack, Inc. (Jan. 19, 1993), Stark App. No. CA-9012, unreported. Appellant's contention that the trial court erred in denying his motion for relief from judgment is well-taken. Appellant's sole Assignment of Error is sustained.
For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Licking, County, Ohio, is hereby reversed. The trial court's judgment entry of June 1, 2000, denying appellant's Civ.R. 60(B) motion is hereby vacated, and the matter is thus remanded for further hearing on the issues raised in appellee's original small claims complaint of October 19, 1999, and the validity of any defenses thereto.
 _____________ Wise, J.
Gwin, P.J., and Farmer, J., concur.